EVAN B. McCORD v. ROBERT J. KNOWLTON and Others.

May 25, 1899.

Nos. 11,573—(121).

### New Trial—Order Dismissing Motion—Appealable Order.

An order dismissing a motion for a new trial at the time it came on for hearing is, for the purposes of appeal, an order denying a new trial, and is appealable.

### Change in Judicial District—Power of Trial Judge after Change to Hear Motion—Abuse of Discretion.

This action was brought in Sherburne county, then a part of the seventh judicial district, and was tried by a judge of that district; but, before the case was finally submitted and decided, that county had been detached by the legislature from that district and, with other counties, a new district had been formed. Thereafter the judge filed a decision, and settled a case and exceptions. *Held*, he had authority thereafter to hear a motion for a new trial, involving the question of the weight or sufficiency of the evidence. *Held*, further, conceding that the judge of the new district, or another judge appointed by the governor to act for him, had the power to hear a motion for a new trial in the action, it would have been an abuse of discretion for him to have done so; there being no obstacles in the way of applying to said judge of the seventh district to hear the motion.

### Wrong Reason for Right Decision.

It is immaterial that the court below gave a wrong reason for a correct ruling.

Appeal by plaintiff from an order of the district court for Sherburne county, Elliott, acting judge, dismissing a motion for a new trial. Affirmed.

*Charles S. Wheaton* and *James C. Tarbox*, for appellant.

*Frank T. White* and *Edson S. Gaylord*, for respondents.

CANTY, J.[1]

This action was commenced in Sherburne county, and was brought on for trial before the court without a jury on March 26, 1897, was finally argued and submitted on May 9, 1898, and a de-

[1] BUCK, J., absent.

cision was rendered for defendants. The case was tried before Hon. D. B. Searle, one of the judges of the seventh judicial district, of which Sherburne county formed a part until April 21, 1897, when, by Laws 1897, c. 379, the county was detached from that district, and it and other counties formed into the eighteenth judicial district; and Hon. J. C. Tarbox, who had been attorney for plaintiff herein, was appointed judge of the new district. Thereafter Judge Searle filed his decision, and settled a case and exceptions. Thereafter, under G. S. 1894, § 4839, the governor appointed the Honorable C. B. Elliott, one of the judges of the fourth judicial district, to hear and decide a motion for a new trial in this action. Plaintiff made such a motion before Judge Elliott at the court house in Minneapolis, in the fourth judicial district, and the motion came on for hearing on December 2, 1898. Defendants appeared specially at the hearing, and objected to the motion being heard by Judge Elliott, on the ground that the action had been tried by Judge Searle, and "was still pending before him." Judge Elliott dismissed the motion, and gave as a reason that it appeared that Judge Searle had jurisdiction of the matter, and the judge of the eighteenth district had not. Plaintiff appeals.

1. We are of the opinion that the order dismissing the motion is, for the purpose of appeal, an order denying a new trial, and is therefore appealable.

2. But we are of the opinion that Judge Searle had authority to hear a motion for a new trial in this case, and that it would have been an abuse of discretion for Judge Elliott to have heard such motion. One of the grounds of the motion for a new trial is that the decision of Judge Searle is not sustained by the evidence. Such a motion on such a ground is always addressed to the sound discretion of the judge who tried the case. He has seen the witnesses, observed their conduct, demeanor, and appearance while testifying, and the manner of giving their testimony, and has had an opportunity of judging of their credibility which cannot be acquired merely by reading a settled case. As said in Bass v. Swingley, 42 Kan. 729, 734, 22 Pac. 714, such a settled case

"Would not in fact be all the evidence introduced in the case. It would be only so much of the evidence as could be reduced to writing,—the mere words of the witnesses, and not their appearance, nor their conduct, nor the manner in which they testified; and these last-mentioned things are often of vastly more importance, and more convincing in the determination of the real facts of a case, than any mere words could be."

"Without being present at the trial, unless a bill of exceptions or case were first settled or agreed upon, containing a full history of all that took place, he [the judge] could know nothing of the matters which he ought to know in order to give an opinion as to whether a new trial ought to be granted; and, even upon a case or bill of exceptions made and settled, he would not be in a position to give a very satisfactory opinion upon the motion. In that case he would be very much in the position in which this court finds itself when called upon, under our statute relating to appeals, to review the opinion of the trial judge in granting or refusing a new trial." Ohms v. State, 49 Wis. 415, 423, 5 N. W. 827.

It often happens that a verdict or decision which by the settled case appears to be contrary to the great weight of the evidence is very satisfactory to every disinterested person who was present at the trial, saw the witnesses, and heard them testify. In such a case it might be much to the advantage of the defeated party to move for a new trial on the settled case before some other judge than the one who tried the case, but the defeated party should not be allowed to do so unless there is some good reason for it. Where the trial judge is dead or has resigned, or his term of office has expired, we hold that some other judge must exercise the best discretion he can from the cold lines of the written evidence. See Hughley v. City of Wabasha, 69 Minn. 245, 72 N. W. 78. But several other courts have gone so far as to hold that in such a case, when the evidence is conflicting or not conclusive, the verdict should be set aside, and a new trial ordered, as of course. See Ohms v. State, supra, and cases cited; Bass v. Swingley, supra, and cases cited; 14 Enc. Pl. & Pr. 856, note 3. While we believe that the right of the parties to have the trial judge pass on the motion for a new trial should be guarded with great care, we are not willing to go to that extent.

"The general rule is that the motion for a new trial must be decided, if possible, by the judge who tried the case, because he

has heard the evidence, and is better qualified to pass upon questions of fact." 14 Enc. Pl. & Pr. 856; Voullaire v. Voullaire, 45 Mo. 602; Ryle v. Harrington, 14 How. Pr. 59; Chicago v. Town, 107 Ill. 313.

We are also of the opinion that Judge Searle was legally authorized to hear a motion for a new trial in this case. True, Sherburne county had been detached from his district, and had become a part of the new eighteenth district; but, in our opinion, this did not affect the disposition of matters which had been heard, or partly heard, before the judge, and were not disposed of when the new district was formed. We are of the opinion that in forming the new district the legislature never intended to interrupt or cut off a trial in the midst of it. Suppose that a trial for murder in the first degree had been in progress before Judge Searle in this county when said chapter 379 took effect; was it the intention of the legislature that the trial should immediately stop, and, as a result, that the accused should go free and acquitted? In Darelius v. Davis, 74 Minn. 345, 77 N. W. 214, we held that after the formation of the new district the trial judge had authority to go on and decide a case in which, in the trial before him, the evidence had been taken before the new district was formed. As we have seen, there is usually a material and important part of the evidence on the trial which cannot be reduced to writing,—the part which is obtained by observing the witnesses and their manner of testifying,—and it is necessary that this part of the evidence should be considered when deciding such a motion for a new trial, as well as when making the decision on the trial. This part of the evidence does not become functus officio until such a motion for a new trial has been heard and disposed of, if such a motion is made. As said in Woodfolk v. Tate, 25 Mo. 597:

"A party to a suit has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action. An acknowledged ground for granting new trials is that a verdict is against the weight of evidence; and if, in this case, the court was embarrassed by the circumstances, and could not pass on the merits of the motion, it ought to have directed a new trial."

In U. S. v. Harding, 1 Wall. Jr. 127, 139, Fed. Cas. No. 15,301, Kane, J., said:

"To my mind, the principle of the law is clear. The defendant, before sentence can be pronounced on him, has a right to the judicial determination of his guilt by the court, as well as by the jury. If the verdict does not satisfy the conscience of the judge, the prisoner is entitled to a new trial. After the verdict is rendered, the judicial discretion is still in exercise; and, at any time before the sentence is recorded, it may modify the punishment, if the statute has not made it specific, or set aside the conviction altogether."

"Under our laws and practice, a jury can never in any case determine finally and conclusively what the facts of the case are; for in every case a motion for a new trial, challenging the sufficiency of the verdict upon the evidence, may be filed, and upon such motion the court is required to re-examine and redetermine all the facts as shown by the evidence. In such a case the judge does not merely register and enforce the verdict of the jury, but it is his duty to intelligently determine whether the verdict is sustained by sufficient evidence or not; and of course he cannot do this unless he presided at the trial, and knows what the evidence was. * * * In other words, the verdict of the jury is not sufficient of itself and alone to authorize a judgment. It also requires the decision of the court upon it and upon the evidence. If no motion is made to set aside the verdict or for a new trial, then of course it is admitted by the parties that the verdict is sustained by sufficient evidence, that it should not be set aside, and that judgment should be rendered upon it, and the court will decide accordingly and render judgment accordingly; but where either party files a motion to set aside the verdict, and for a new trial upon the ground that the verdict is not sustained by sufficient evidence, then before any judgment can be rendered upon the verdict, the court itself must decide that the verdict is sustained by sufficient evidence, and this of course cannot be done with any degree of intelligence by a judge who did not hear the case tried, for such judge could not know what the evidence was. * * * Where a case is tried before both the court and a jury, each party is entitled to have the intelligent opinion of both the court and the jury upon the evidence introduced. * * * If a party in such a case may, against his will, be deprived of the opinion of the court upon the evidence introduced, why may he not also against his will be deprived of the opinion of the jury upon the evidence?" Bass v. Swingley, supra.

Our conclusion is that, after Judge Searle tried the case, the action remained pending before him until a motion for a new trial, involving the sufficiency or weight of the evidence, was made and

disposed of, unless such motion was waived by failing to make it in proper season. Judge Elliott was appointed by the governor to act for the judge of the eighteenth district, and, conceding that Judge Elliott, as such judge of the eighteenth district, had the power to hear the motion for a new trial in this case, it would, under the circumstances, have been an abuse of discretion for him to have done so. Judge Searle resided in a county adjoining Sherburne, between which counties there was direct communication by rail, and there were no obstacles in the way of applying to him to hear the motion.

3. It is true that Judge Elliott put his refusal to hear the motion on the ground that he had no jurisdiction, but that is immaterial. There was a conclusive reason why he should not have heard it.

Order affirmed.