STATE EX REL. JAMES SMULLEN v. DISTRICT COURT OF WASECA COUNTY.[1]

December 5, 1924.

No. 24,530.

**Writ of prohibition dismissed.**

Application to judge of adjoining judicial district for change of venue, after three trials, within terms of statute—denial of former motion not res judicata. [Reporter.]

Upon the relation of J. Smullen, the supreme court granted its temporary writ of prohibition to restrain the judge and clerk of the district court for Waseca county from further action in the case of Guyer v. Smullen until the order to show cause why that court should not be permanently prohibited from exercising jurisdiction therein should be determined. Writ quashed and order to show cause dismissed.

*Thomas Hessian,* for relator.

*Moonan & Moonan,* for respondents.

PER CURIAM.

A temporary writ of prohibition issued out of this court restraining the judge and clerk of the district court of Waseca county from proceeding in the case of Frank Guyer v. Smullen until the hearing and determination of the order to show cause why that court and the judge and clerk thereof should not be absolutely and permanently prohibited from exercising jurisdiction in said cause.

[1]Reported in 201 N. W. 302.

It appears that the parties reside in Le Sueur county where the action was begun; that two trials resulted in disagreements; that plaintiff then moved for a change of venue on the grounds of convenience of witnesses, and that a fair trial could not be had in the county of Le Sueur; that Judge M. C. Tifft of that district denied the motion; that a third trial was then had resulting in a verdict for defendant; that upon appeal a new trial was granted, and that thereafter plaintiff made a motion for a change of place of trial before Judge F. W. Senn, at Waseca, upon the same grounds as in the previous motion, which was granted ordering the trial to be had at Waseca.

The first claim that Judge Senn did not have jurisdiction to entertain the motion must fail. He resides in an adjoining judicial district to that wherein is Le Sueur county and by railway nearer to its county seat than does Judge Tifft. This brings the case squarely within this provision of section 7750, G. S. 1913: "All motions of which notice is required to be given shall be made within the judicial district, or at some place in an adjoining district which is nearer, by railway, to the county seat of the county in which the action is pending than is the residence of the nearest qualified judge of the district of which such county is a part." Of course this section is not applicable to a motion for a new trial or some other motion of necessity to be heard and determined by the judge who presided at the trial or who had taken some previous action which requires him personally to determine the motion. Judge Senn had jurisdiction to hear and decide the motion.

Nor can we hold Judge Tifft's prior order res adjudicata. He could have granted plaintiff leave to renew the motion upon the same grounds. McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134. Judge Senn had the same authority. Conceding that convenience of witnesses is the same for the next trial as for the third, the opportunity for a fair trial could well be found different after two subsequent trials and an appeal has given so much publicity to a notorious case.

The temporary writ is quashed and the order to show cause dismissed.