## STATE EX REL. NELS A. PEDERSEN v. G. E. QVALE.[1]

December 23, 1932.

No. 29,383.

*Fosnes & Rolloff* and *J. A. Lee,* for petitioner (defendant below).
*Kief & Kief,* for Pearl B. Levoy (plaintiff below).

DIBELL, J.

Alternative writ of mandamus from this court to the Honorable G. E. Qvale, one of the judges of the twelfth judicial district, to require him to determine a motion for a new trial or show cause why he should not.

At the June, 1932, term of the district court for Chippewa county, in an action by Pearl B. Levoy against Nels A. Pedersen tried before Judge Qvale and a jury, there was a verdict for the defendant. A case was settled. On October 27, 1932, Levoy made a motion for a new trial and at the same time filed an affidavit of prejudice against

[1]Reported in 246 N. W. 30.

Judge Qvale under G. S. 1923 (2 Mason, 1927) § 9221, as amended by L. 1931, p. 223, c. 200, Mason, 1931 Supp. § 9221. Thereupon Judge Qvale, in accordance with the terms of the statute, transferred the hearing of the motion to Judge Baker of the same district. The statute refers to the trial of an action or the hearing of a motion, order to show cause, or argument on demurrer, and does not by its terms exclude the hearing of a motion for a new trial.

By G. S. 1923 (1 Mason, 1927) § 177, it is provided:

"Whenever the judge who should hear any action, motion, or proceeding is unable to be present, any other judge of the same judicial district may act in his place, except in the trial of causes already begun before the judge so absent: Provided, that motions for a new trial shall be heard by the judge before whom the cause was tried, if he be still in office and not disabled."

There is nothing in G. S. 1923 (2 Mason, 1927) § 9221, nor in L. 1931, p. 223, c. 200, Mason, 1931 Supp. § 9221, amending it, indicating an intent that upon the filing of an affidavit of prejudice a judge who has tried a case must call in another to review his actions at the trial. Such a construction is unthinkable. The judge who tries the case to a verdict must go through subsequent proceedings, except as is otherwise provided by the statute; and, while it is disagreeable to hear a motion for a new trial with an affidavit of prejudice filed, it is still for the trial court, unless disabled, to conclude the case before him. This appears by his memorandum to have been about the view of the trial judge; but he felt disinclined to hear the motion, with the affidavit of. prejudice on file, until this court ruled. The following are useful: McCord v. Knowlton, 76 Minn. 391, 79 N. W. 397; State ex rel. Smullen v. District Court, 161 Minn. 520, 201 N. W. 302; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7085, and cases cited; 46 C. J. p. 287, § 248, and cases cited.

Let a peremptory writ issue.