In re the Marriage of Patricia L. **KOWALZEK, Appellant,**

v.

**Paul M. KOWALZEK, Respondent.**

**No. C5–84–987.**

Court of Appeals of Minnesota.

Jan. 8, 1985.

James C. Lofstrom, Apple Valley, for appellant.

Bradley Smith, Eagan, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Patricia Kowalzek appeals from a judgment and decree in a dissolution of marriage. She contends the trial court erred in deviating from the child support payment guidelines contained in Minn.Stat. §§ 518.-17, subd. 5 and 518.551, subd. 5, (Supp. 1983). In addition, she contends the trial court erred when it awarded a greater share of the marital interest in the homestead property to her former husband, respondent Paul Kowalzek. Paul Kowalzek argues that if the division of the marital interest in the homestead is reversed, this court should review the trial court's award to Patricia Kowalzek of her entire profit sharing benefits.

We affirm the property division, but remand to the trial court to consider the proper statutory factors relative to child support.

## FACTS

The parties were married on July 3, 1982. One child, Christopher, was born on June 3, 1983. Appellant Patricia Kowalzek commenced an action for dissolution in November of 1983. The marriage was dissolved on May 1, 1984, in Dakota County Court.

Patricia Kowalzek is employed by Phillip Morris Company with a net monthly income

of $918.00 and monthly expenses of about $1,032.00. Patricia has two minor children from a previous marriage; she has had two previous marriages.

Respondent Paul Kowalzek is employed by Juster Steel with a net monthly income of $1,410.00 based on a forty hour work week and five hours of overtime each week which is the amount Paul wishes to work each week even though he had been accumulating about twenty hours of weekly overtime. His monthly expenses are $1,500.00.

The parties were awarded joint legal custody of Christopher and Patricia was awarded physical custody. Paul was given annual visitation rights of approximately 89 days. He was ordered to pay $150.00 per month to Patricia for child support. Child support payment guidelines would have required Paul to pay $352.00 per month based on his net monthly income of $1,410.00.

Until the parties separated in November of 1983, they lived in a house owned by Patricia which she had purchased prior to this marriage. Substantial improvements were made to the property by Paul during the marriage. Both parties submitted appraisals of the value of the property that differed by approximately $5,000.

The court found the homestead to have had a fair market value of $60,700.00 at the time of marriage and $73,500.00 at the time of trial. The court analyzed the increased value of the property as follows:

"Of the $12,800.00 increase in the market value of said property since the time of the marriage, $7,340.00 is a result of repairs, labors and materials added to the property, which materials were purchased by the parties, and which labor was primarily furnished by the Respondent. The remaining $5,460.00 of said increase is due to inflation of housing prices during the intervening period. Of said increase due to inflation, $1,821.00 is marital property and the $7,340.00 increase due to improvements is all marital property."

Title to the property was awarded to Patricia subject to a lien of $6,415.00 in favor of Paul. The amount of that lien represents fifty percent of the $1,821.00 increase due to inflation and seventy-five percent of the $7,340.00 increase due to improvements.

Paul requested the trial court to award him one-half of the profit sharing benefits of $1,003.00 earned by Patricia during the marriage. He has no profit sharing or pension benefits of his own. The request was denied.

The trial court issued a memorandum but did not incorporate it into the judgment and decree.

## ISSUES

1. Did the trial court err in deviating from the child support payment guidelines set forth in Minn.Stat. §§ 518.17, subd. 5 and 518.551, subd. 5?

2. Did the trial court err in awarding a greater share of the marital interest in the homestead to Paul?

3. Did the trial court err in awarding all of Patricia's profit sharing benefits to Patricia?

## ANALYSIS

### I

◼ The relevant factors in determining a child support award are the financial resources and needs of the child and both parents, the standard of living the child would have enjoyed had the marriage not been dissolved, and the physical, emotional, and educational needs of the child. Minn. Stat. § 518.17, subd. 4 (1982). The discretion of a court in an award of child support is limited by the child support guidelines in Minn.Stat. § 518.551, subd. 5 (Supp.1983). A court cannot order child support in an amount below the guidelines "unless the court makes express findings of fact as to the reason for the lower order." Minn. Stat. § 518.17, subd. 5 (Supp.1983).

The trial court set child support at $150.00 per month, a figure below the

$352.00 mandated by the guidelines. The court made findings of the net monthly incomes and expenses of both parents, adding a memorandum which explained the rationale used in deviating from the guidelines. Consideration of the financial resources of the custodial parent is permissible in calculating proper child support. Minn.Stat. § 518.17, subd. 4(b) (1982). However, that statute lists five subdivisions and the record does not disclose a proper determination of subdivision 4(c) and (d).

We review the trial court's memorandum solely for the purpose of determining the reasons the court deviated from the child support guidelines. An unincorporated memorandum "may be referred to only for the purpose of throwing light upon or explaining the decision." *Viking Automatic Sprinkler Co. v. Viking Fire Protection Co.*, 280 Minn. 250, 258, 159 N.W.2d 250, 256 (1968). The memorandum states in pertinent part:

As to support, the Court reviewed the guidelines indicated in Minnesota Statutes, Section 518.551. If [Paul] had obtained custody, [Patricia] would have been required to pay 22 percent of her income of $918 a month, or $202. The guidelines require [Paul] to pay 25 percent of his income of $1,410 per month, or $352. Since both parties are working, the Court subtracted the amount [Patricia] would have been required to pay from that which is required of [Paul], obtaining the amount of $150, the amount of support to be paid by [Paul] to [Patricia]. This also allows [Patricia] to meet her anticipated expenses of $1,032, with approximately $36 a month to spare, while, at the same time, not forcing [Paul] to work long overtime hours to meet his expenses of approximately $1500 per month. The guidelines are intended to be used with the understanding that they are based upon total net income. Using this rationale, the Court arrived upon the figure which appears to be fair and equitable, under all the circumstances of this case.

It is apparent the trial court considered the income and expenses of both parents with the financial needs of Christopher presumably reflected in the court's finding regarding the expenses of the custodial parent, Patricia Kowalzek. These are all appropriate considerations under section 518.17, subd. 4.

We criticize the mechanical calculation of the custodial parent's theoretical support obligation under the guidelines and the subtraction of that amount from the non-custodial parent's support obligation and awarding the difference. This method ignores the standard of living the child would have enjoyed had the marriage not been dissolved. *See* Minn.Stat. § 518.17, subd. 4(c) (1982). The custodial parent's financial resources are to be considered, but the custodial parent's income is only one of five relevant factors outlined in section 518.17, subd. 4, and must be considered generally, not mechanically, in conjunction with the other four. Subdivision 4(c) and (d) are important and cannot be ignored.

We might add that the phrase "all the circumstances of this case" as used by the trial court is of little assistance to our review. The court's findings in this case do not come up to the bare acceptable minimum for review. The trial court properly considered the resources of both parents but did not articulate findings on the other essential factors. Without dictating an acceptable figure, we remand to the trial court for further consideration.

## II

A trial court has broad discretion over the division of marital property in a dissolution and will not be overturned on appeal except for a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 609 (Minn.1977).

Patricia argues that Minn.Stat. § 518.58 (1982) requires an equal division of marital property in this case. The statute provides:

[T]he court shall make a *just and equitable division* of the marital property of the parties without regard to marital misconduct, after making findings regarding the division of the property. *The court shall base its findings on all relevant factors* including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker. *It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.* * * *

*Id.* (emphasis added).

Patricia asserts that there was an unequal division of marital property when the trial court awarded Paul a lien against the homestead in the sum of $6,415.00, or one-half of the increase of the value of the homestead during the marriage. Such award, she claims, was an "abuse of discretion" because of the conclusive presumption that each spouse made a substantial contribution to the acquisition of marital property. Patricia further argues her contribution as homemaker should be presumed equal to Paul's contribution to the improvement of the homestead.

■ Patricia misreads the statute. The language of the statute requires a just and equitable division, not necessarily an equal one. *Ruzic v. Ruzic,* 281 N.W.2d 502, 505 (Minn.1979); *Stassen v. Stassen,* 351 N.W.2d 20, 23 (Minn.Ct.App.1984). The language of section 518.58 indicates a conclusive presumption that each spouse made a substantial contribution to the acquisition of income and property during the marriage. Once this conclusive presumption is applied, the statute still gives the trial

court discretion to determine what is a fair division, which is not mandated in all cases to be exactly one-half. *Stassen,* 351 N.W.2d at 23.

■ There was sufficient evidence before the trial court to conclude the unequal division of marital property in this case was equitable. In sixteen months of marriage, the fair market value of Patricia's house increased by $12,800.00. Paul spent twenty to thirty hours each week on improvements to that property with a list of the numerous improvements produced at trial. An equal division of the marital interest in the homestead would have given Paul a lien of only $4,580.50 rather than $6,415.00. The trial court did not abuse its discretion in awarding an additional $1,834.50 to Paul.

### III

Paul requested this court award him one-half of Patricia's profit sharing benefits only if the division of the marital interest in the homestead is modified. We do not modify.

### DECISION

The unequal division of the martial interest in homestead property was not error where one spouse made substantial improvements to that property. The question of proper child support is remanded to the trial court to reconsider in light of all the factors set forth in Minn.Stat. § 518.17, subd. 4 (1982).

Affirmed in part, remanded in part.