**In re the Marriage of Lorna BRAUER, Petitioner, Respondent,**

v.

**Frederick E. BRAUER, IV, Appellant.**

**No. C9–85–1778.**

Court of Appeals of Minnesota.

April 8, 1986.

J. Peter Wolf, Eugene E. Weyer, St. Paul, for respondent.

Kenneth P. Griswold, St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

CRIPPEN, Judge.

The trial court ordered joint legal custody of the parties' two children and placed physical custody with respondent Lorna Brauer. Frederick Brauer appeals, arguing that the parties should have been awarded joint physical custody. We affirm.

## FACTS

The parties were married in 1978 and have two children: Frederick, born October 6, 1979, and Jason, born September 11, 1980. Respondent Lorna Brauer is employed by Honeywell, Inc., and appellant

Frederick Brauer is a principal and teacher at an elementary school. Respondent brought an action against appellant seeking dissolution of the marriage and custody of the children.

Both parents testified that they are concerned, loving parents. Respondent testified, and appellant admitted, that during the marriage respondent was the children's primary caregiver. Appellant claimed, however, that the children's best interests would be served by placing custody with him because he has a stable, respected, family-oriented job and enough vacation time to be able to spend a lot of time with the children. He also argued that since the parties' separation, respondent has become very career oriented and that placement with her would not serve the children's best interests.

The parties, working with a representative of Hennepin County Court Services, attempted to reach an agreement regarding custody and visitation of the children, but the agreement eventually broke down because the parties could not work well together. That agreement had provided for a scheme of joint physical custody.

The trial court awarded the parties joint legal custody, placed physical custody with respondent, and granted appellant reasonable visitation. Frederick Brauer appealed, seeking an award of joint physical custody.

## ISSUES

1. Was the evidence sufficient to support the trial court's determination that respondent was the primary parent?

2. Are the findings of fact sufficient?

3. Was the trial court's refusal to award the parties joint physical custody an abuse of discretion?

## ANALYSIS

### I.

Appellate review of custody determinations is limited. We will only consider whether the trial court "abused its discretion by making findings unsupported by

the evidence or by improperly applying the law." *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

■ In making custody determinations, the trial court must make a custodial placement that will serve the best interests of the child. Minn.Stat. § 518.17, subds. 1, 3 (1984). The best interests of the children are best served by placing custody with the child's primary parent unless other considerations indicate the primary parent would be an unsuitable custodian. *Pikula,* 374 N.W.2d at 711. Placing the child with the primary parent best serves the child's interests because of the intimate relationship that exists between the child and the primary parent. *Id.* It is in the best interests of the child that there be a continuity of caregiving and that there be stability in the child's life. That continuity and stability is best achieved by salvaging the child's relationship with the primary parent. *Id.* at 711, 712.

The trial court found that respondent is the children's primary caregiver and placed custody with her. The trial court's determination is based upon evidence that respondent stayed home with the children until the youngest was nine months old, that she took the children to the doctor, was responsible for finding day care and providing transportation to and from the day care center, and that she cooked meals and changed diapers.

■ The evidence is sufficient to support the trial court's finding that respondent is the primary parent. The primary parent function is fulfilled by providing the daily care of the children, and there is sufficient evidence here that respondent provided that care.

■ Appellant argues that the respondent presently works full time, so that neither parent is the primary parent. Because *Pikula* requires that the primary caregiver determination is governed by the circumstances at the time the dissolution proceeding was commenced, this argument is without merit. *See id.* at 714. Moreover, we do not agree with appellant that the primary parenting role is limited to traditional homemaking functions of nonworking parents. *See id.*

## II.

The trial court made the following findings of fact to support its determination that respondent is the primary parent and that the children should be placed in respondent's custody:

> Petitioner should be awarded the primary physical custody of the children, subject to Respondent's right to reasonable visitation. Petitioner has been the primary nurturing parent since the birth of the children, and has been the primary physical custodian for the children since the parties separated in March, 1983. The children have thrived in her care.

■ These findings of fact are inadequate. *See Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (because of broad discretion in custody matters, the trial court must make particularized findings indicating basis of the custody determination). Nonetheless, we are satisfied from a review of the record that there was sufficient evidence here to support the trial court's determination.

■ We affirm on this issue only because of the substantial supporting evidence found in the record. We do not mean to suggest that the requirement of particularized findings was overstated in *Wallin.* Particularized findings are necessary to facilitate appellate review, to ensure that trial courts are considering prescribed standards, and to satisfy the parties that an important question was fairly considered and decided by the trial court. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976).

## III.

During the period of separation, the parties had agreed in principle to a joint physical custody arrangement. The agreement collapsed, however, when the parties were unable to work together. Appellant argues that the trial court abused its discretion by

not ordering joint physical custody as the parties had nearly agreed. He claims that joint physical custody was mandated in this case as a matter of law because the circumstances here are similar to those in a case in which this court affirmed a placement of the children in joint physical custody. *See Berthiaume v. Berthiaume*, 368 N.W.2d 328 (Minn.Ct.App.1985).

Appellant also argues that the primary parent standard is not applicable in cases such as this where there is a request for joint physical custody. Where joint custody is feasible at all, he asserts, it must be preferred to a placement of sole custody with the primary parent. In his own words, appellant says that "if the Court were using the 'primary nurturing parent' test to deny Fred *sole* physical custody, then perhaps it would have some validity." Put in still different words, appellant is asserting that joint physical custody is a compelling compromise, a back-up position for him that should be utilized if he is not given sole custody.

The courts may order joint legal custody or joint physical custody only after considering:

> (a) The ability of parents to cooperate in the rearing of their children;
>
> (b) Methods for resolving disputes regarding any major decision concerning the life of the child, and the parents' willingness to use those methods; and
>
> (c) Whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing.

Minn.Stat. § 518.17, subd. 2 (1984). Specific findings for each of the factors are not always required. *See Berthiaume*, 368 N.W.2d at 332. The court in *Berthiaume* stated that

> [i]t is sufficient if the findings as a whole reflect that the trial court has taken the relevant statutory factors into consideration in reaching its decision.

*Id.*

■ In *Berthiaume*, we affirmed a trial court's scheme of joint physical custody that placed the children with the mother during the school year and with the father during the summer months. It is within the trial court's broad discretion to award joint physical custody. *See Pikula*, 374 N.W.2d at 710. In *Berthiaume*, we deferred to the trial court's discretion and found that the trial court could properly award joint physical custody. We must also defer to the trial court in this case, and we find that it was not an abuse of discretion here to deny joint physical custody. *Berthiaume* does not stand for the proposition that joint physical custody may be mandated as a matter of law.

■ We do not agree with appellant that the primary parent preference is secondary to a preference for joint physical custody in certain cases. *Pikula* pointedly mandates that the courts preserve the child's intimate relationship with the primary parent. Moreover, the supreme court's demand to salvage benefits for the children coincides with an historic preference against joint physical custody. Joint physical custody, because of the divisiveness inherent in such a scheme, can rarely be in the best interests of a young child, and it is appropriate only in exceptional cases. *McDermott v. McDermott*, 192 Minn. 32, 36, 255 N.W. 247, 248 (1934). The Minnesota Supreme Court has stated its rationale for the preference against joint physical custody for young children:

> Regularity in the daily routine of providing the child with food, sleep, and general care, as well as stability in the human factors affecting the child's emotional life and development, is essential, and it is difficult to attain this regularity and stability where a young child is shunted back and forth between two homes.

*Kaehler v. Kaehler*, 219 Minn. 536, 539, 18 N.W.2d 312, 314 (1945) (citing *State ex rel. Larson v. Larson*, 190 Minn. 489, 495, 252 N.W. 329, 331 (1934).

This court has followed the supreme court's preference against joint physical custody (also known as divided custody). *See Heard v. Heard*, 353 N.W.2d 157, 162 (Minn.Ct.App.1984). In *Heard*, we stated our rationale for the preference as follows:

Evaluation of divided custody is particularly affected by the statutory demand to consider "the desirability of maintaining continuity." Minn.Stat. § 518.-17(1)(e) (1982). Minn.Stat. § 518.18 (1982). 1978 amendments that formed the present content of § 518.18 are recognized as a statutory scheme that "is indicative of a legislative intent to impart a measure of stability to custody determinations in most circumstances." *State on Behalf of Gunderson v. Preuss,* 336 N.W.2d 546, 548 (Minn.1983).

*Id.* The *Pikula* rationale is consistent with the language in *Heard,* expressly resting on the statutory "desirability of maintaining continuity." *See* Minn.Stat. § 518.17, subd. 1(e) (1984); *Pikula,* 374 N.W.2d at 711, 712.

Joint or divided custody of a young child is appropriate in exceptional cases. *McDermott,* 192 Minn. at 32, 255 N.W. at 248. In those cases, contradicting the result in *McDermott, Kaehler, Heard,* and other cases cited in those decisions, the arrangement may be affirmed when sufficiently supported by the evidence. It conflicts with this state of law to suggest that denial of divided custody is reversible error. If cause for divided custody is rare, we can only deduce that it would be rarer still to find the cause so great that it would be mandated on appeal. This is not such a compelling case.

We recognize that a proposal for a three-month summer contact is not as drastic as some joint physical custody schemes. *But cf. Kaehler.* Some may consider a relocation of the children for the summer a mere visitation scheme, and visitation is strongly encouraged in the statutes. *See* Minn.Stat. § 518.175 (1984). Nevertheless, the issue here is whether the facts mandated an order of joint physical custody. We agree with appellant that the trial court would have been within its discretion in ordering a summertime change of custody. We cannot agree, however, that this joint physical custody can be compelled as a matter of law.

**DECISION**

The trial court did not abuse its discretion by refusing to award joint physical custody of the parties' children. Joint physical custody cannot be compelled as a matter of law.

Affirmed.