In Re the Marriage of Sandra Lynn VEIT, Petitioner, Appellant,

v.

Eugene E. VEIT, Respondent.

No. C7-87-519.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Robert W. Due, Bloomington, for appellant.

Linda A. Olup, Edina, for respondent.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN,* JJ. with oral argument waived.

## OPINION

A. PAUL LOMMEN, Judge.

This appeal is from a dissolution judgment and decree awarding the parties joint

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

legal and physical custody of their three minor children and reserving child support. Appellant claims the trial court abused its discretion by failing to set support at the time of dissolution. Respondent also noticed review and claims the trial court abused its discretion by failing to award him sole custody. We affirm the trial court's joint custody award but reverse the court's reservation of the parties' support obligations and remand for that determination.

## FACTS

Appellant Sandra Lynn Veit and respondent Eugene E. Veit were married August 1970. The parties have three minor daughters, Emily, born March 1973; Frances, born December 1980; and Elizabeth, born January 1982.

In April 1983, the parties separated and arranged a joint custody schedule. The dissolution action was commenced nearly two years later in March 1985. A trial was held November 3–7, 1986.

At the time of trial, appellant was unemployed and lived with her fiance. She is a University of Minnesota graduate and trained as a Montessori teacher. She received computer training during the parties' separation. Appellant testified she could earn $6 per hour and on cross-examination acknowledged she earned $19,000 at Rupp Industries for a year before she voluntarily terminated her position in June 1985. Respondent is self-employed as owner of a real estate sale and brokering business.

At trial, several witnesses testified including the children's teachers, counselors, the parties' friends and the parties themselves. Eleanor Poor, a family counselor at Hennepin County Department of Court Services, also testified regarding a custody evaluation she performed in August 1985 and updated in August 1986. Poor recommended joint legal and physical custody in both reports. Poor alternatively recommended respondent be awarded sole custody due to an incident occurring after her updated report where appellant denied respondent access to two of the children.

Regarding custody, the court specifically found "both parties were primary parents prior to the separation of the parties and subsequent thereto until the time of trial." The court further found:

That the testimony and evidence presented substantiated the fact that both parties had the time to be active parents and that both were actively involved in all aspects of their children's lives. The testimony presented substantiated the Respondent's claim that he was actively involved in the delivery of his children, their infant care and their adolescent care. The testimony regarding parenting chores such as feeding, diapering, toilet training, development of motor and language skills, participation of the parties in the extra-curricular and educational aspects of the children's lives, as well as other aspects of parenting, leaves the Court with the confirmed belief that both parents were primarily involved in parenting their children. The testimony and evidence presented also support this Court's finding that the children have established significant emotional bonds with each of the parents, and said bonds appear to have developed prior to the time of the separation.

The testimony presented by Ellie Poor of the Hennepin County Department of Court Services noted that each of the parents had different values and different styles of parenting, both of which were of significant importance to the continued best interests of the minor children. The Court is additionally of the opinion that the children would benefit and prosper by having continuing significant contact with both parents.

That the Court is of the opinion that the parties should be awarded the joint legal and physical custody of the minor children. As Eleanor Poor noted, her opinion that the parties cannot cooperate is of relatively recent origin. As the Court file attests, this has been a litigious matter. The Court finds that as a consequence of the dissolution proceedings, both parties have lost sight of their foremost responsibility as parents, name-

ly, to continue to act in the best interests of the children.

The testimony indicates that both parties have significant attachments to the children; they have both been active parents; they both love their children and are both concerned with the children's welfare. The one unalterable fact of life the parties must understand is that although they are no longer husband and wife, they are still the only two biological parents these children will ever have.

In keeping with a similar joint custody arrangement already in place, the court ordered that during the school year, the children are to reside with appellant during weekdays and with respondent on weekends. During the summer, the parties are to have custody on an alternating weekly basis.

Regarding child support, the trial court found:

That the [appellant] is currently unemployed. [Appellant's] employment is voluntary. [Appellant] possesses the capacity to earn no less than $6.00 per hour and in fact has the ability to earn an income of at least $19,000.00 per year based on computer training that she received during the separation of the parties. [Appellant] had been employed by Rupp Industries at a salary of $19,000.00 during the separation of the parties. [Appellant] voluntarily terminated said position. That the Court finds that [appellant] has the ability to generate a net monthly income of at least $1,000.00 per month and that child support should be set accordingly under the guidelines. That [appellant's] actual and potential earning capacity when coupled with the possible interest income available to the [appellant] from her share of the property distribution makes an award of child support in the amount of $350.00 fair and reasonable.

That the Court finds that the Respondent has a net monthly income of approximately $1,700.00 per month based on his employment at Mainstreet Realty. Said net monthly income is calculated based on the average sums of money that the Respondent had available to him from Mainstreet Realty during the separation of the parties as evidenced by his personal check registers, and the availability of additional monthly income received through the payment of a personal expense by the company. The Respondent has reasonable net monthly expenses exclusive of automobile payments made by his company in the amount of $2,110.00 per month.

The court concluded:

That due to the fact that the parties will have very close to a 50/50 split in time that the children reside with them, the issue of payment of child support is reserved.

The court also required respondent to maintain the children's medical and dental insurance. When appellant becomes employed, the court ordered appellant to assume that responsibility through her employment.

Appeal by both parties is from the dissolution judgment and decree entered December 19, 1986. No post trial motions were made.

### ISSUES

1. Does the evidence support the trial court's award of joint legal and physical custody of the parties' minor children?

2. Does the evidence support the trial court's reservation of child support?

### ANALYSIS

#### I.

■ In the absence of a motion for a new trial, the only questions for the appellate court are whether the evidence sustains the findings of fact and whether the findings support the conclusions of law. *Fritz v. Fritz*, 390 N.W.2d 924, 925 (Minn. Ct.App.1986).

Determination of child custody must be based on the best interests of the child. Minn.Stat. § 518.17, subd. 3 (1986). In examining the best interests of the child, the court must make written findings which reflect consideration of the factors set

forth in Minn.Stat. § 518.17, subd. 1 (1986). *See Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). When joint custody is contemplated, the trial court must consider additional factors specified in Minn.Stat. § 518.17, subd. 2 (1986).

These factors include the ability of parents to cooperate in child rearing, methods for resolving the parents' disputes, and the detrimental effect which a sole custody award may have upon the child. The trial court need not make a specific finding for each of the statutory factors, nor must each factor be specifically addressed by the trial court. It is sufficient if the findings as a whole reflect that the trial court has taken the relevant statutory factors into consideration in reaching its decision.

*Berthiaume v. Berthiaume,* 368 N.W.2d 328, 332 (Minn.Ct.App.1985).

Respondent contends the trial court's award of joint custody is not supported by the evidence because the parties cannot cooperate. *See Chapman v. Chapman,* 352 N.W.2d 437, 441 (Minn.Ct.App.1984) (trial court's joint custody award reversed because parents unable to communicate or cooperate in resolving basic differences regarding their children's health care, religious training, and general upbringing); *Heard v. Heard,* 353 N.W.2d 157, 161–62 (Minn.Ct.App.1984) (trial court's joint custody award reversed because trial court did not make specific findings on any of the Minn. Stat. § 518.17, subd. 2 factors and testimony revealed parties were unable to communicate).

A similar argument was raised in *Berthiaume,* 368 N.W.2d at 332, but this court nevertheless affirmed the trial court's joint custody award. In *Berthiaume,* although the parties did not cooperate with each other during the dissolution proceedings, the evidence showed the parties were able to cooperate in reaching major decisions concerning their children. *Id.* at 332. Respondent argues *Berthiaume* is distinguishable because the parties here are unable to cooperate with each other on any level, including major decisions regarding the children.

The evidence, however, does not support respondent's argument. The custody evaluator's testimony and reports directly support the trial court's finding the parties' inability to cooperate was of relatively recent origin. In both custody evaluations submitted in 1985 and 1986, Poor observed the parties were able to cooperate in maintaining the joint custody arrangement initiated at the parties' separation in 1983, and that arrangement appeared to be working well. Poor opined that two parents are necessary for the children and recommended joint physical and legal custody in each report.

The findings as a whole demonstrate that the trial court properly considered the relevant factors specified in Minn.Stat. § 518.-17, subd. 1 regarding the children's best interests and subd. 2 regarding additional joint custody considerations. Our review of the evidence supports the court's conclusion joint legal and physical custody is appropriate in this case.

## II.

Appellant claims the trial court erred by reserving child support. Specifically, she argues the trial court improperly (1) determined her earning capacity to equal $1,000 per month, (2) calculated respondent's income at $1,700, and (3) based the child support reservation on an approximate 50/50 split in the joint custody arrangement.

*Appellant's Earning Capacity*

■ A trial court may properly consider a party's earning capacity and earnings history to determine that party's ability to comply with child support orders. *Ronay v. Ronay,* 369 N.W.2d 6, 10 (Minn.Ct.App. 1985). Earning capacity is an appropriate measure of income when 1) it is impracticable to determine obligor's actual income, or 2) the obligor's actual income is unjustifiably self-limited. *Beede v. Law,* 400 N.W.2d 831, 835–36 (Minn.Ct.App.1987).

Appellant claims the trial court's finding is unfairly based on an isolated job at Rupp Industries occurring for only one year. Because she is currently unemployed, appellant argues the trial court should have

found her income to be zero. Relying on *Beede*, 400 N.W.2d at 835–36, she further argues the trial court improperly determined her earning capacity without finding her income was unjustifiably self-limited.

In *Beede*, this court did not require a trial court to find a party's income is unjustifiably self-limited before determining earning capacity. That finding is an alternative ground to justify a determination of earning capacity. *Id.* at 836. Here, because appellant is unemployed, it is impracticable to determine her actual income. Therefore, the trial court properly determined appellant's earning capacity based on her prior work history.

### Respondent's Income

"When measuring income, the trial court can consider 'cash flow' in addition to 'paper income'." *Coady v. Jurek*, 366 N.W.2d 715, 718 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 27, 1985).

Appellant argues the trial court should have found respondent's net monthly income to equal $3,415 based on funds available to him in 1986, through his real estate business, which respondent calculated at $40,979. That figure includes his gross salary of $25,127 and the highest possible allocation for personal expenses paid by his business.

In calculating respondent's net monthly income at $1,700, the trial court relied on an average $1,612.51 monthly income evidenced by check registers over a 42–month period. The court also considered the availability of additional monthly income received through personal expense payments by his business.

Appellant claims the trial court erred in relying on an average sum over a 42–month period. She argues the average included a financially disastrous year for his business in 1985 which distorts his current income. In support of her argument, appellant relies on *Sefkow v. Sefkow*, 372 N.W.2d 37 (Minn.Ct.App.1985), *remanded on other grounds*, 374 N.W.2d 733 (Minn. 1985), where averaging the obligor attorney's income was improper because it was clear his income was increasing substantial-

ly each year. *Id.* at 48. *Sefkow* is distinguishable from this case because by nature of respondent's real estate business, his income fluctuates. An average takes into account fluctuations and more accurately measures income. The trial court therefore properly relied on respondent's average cash flow and additional available funds in calculating respondent's net monthly income of $1,700 which is supported by the evidence.

### Child Support Reservation Based on Joint Custody

The proper method of determining support in a joint custody case is to require the father to pay his guideline amount only during the months when the mother had custody and vice-versa. This method should be used in all joint custody situations, unless there are specific reasons for a departure. *Valento v. Valento*, 385 N.W.2d 860, 862 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. June 30, 1986) (citing *Hortis v. Hortis*, 367 N.W.2d 633 (Minn.Ct. App.1985)).

Appellant claims the trial court erred in failing to set support as required in *Valento*. Appellant specifically argues the trial court's equal time allocation of custody is in error. She asserts that during the school year, the children spend 103 hours per week with her and 65 with respondent. The corresponding percentage of time with appellant is 61.3% and with respondent, 38.7%.

Respondent argues the trial court properly found the parties shared custody equally. Because the children are in school during weekdays, respondent argues appellant is with the children only weekday nights and mornings, while he is with them full-time on weekends. Further, since the children have lunch at school during weekdays, and not weekends, the parties share equally in their responsibilities for the number of the children's meals.

Even if the 50% time allocation is used in setting support as required in *Valento*, some support from respondent is still warranted based on the differences in the parties' incomes. *See id.*, 385 N.W.2d at 863,

n. 1. Therefore, a remand is necessary to determine the exact amount of respondent's support obligation.

On remand, the trial court may also consider respondent's payments for medical and dental insurance. It is unclear whether the court considered this expense in calculating respondent's income. *See Coady,* 366 N.W.2d at 718 (direct cost of medical and dental insurance may be deducted from support if obligor can verify the amount paid and the trial court has not considered this expense in calculating income).

It is also unclear the extent the oldest child, Emily, is involved in the joint custody arrangement. The trial court ordered the joint custody arrangement apply to all three children but provided the arrangement "may be modified by the parties by mutual agreement." The record indicates the parties agreed Emily would reside with whomever she chooses. Should Emily reside exclusively with one party, that party's support obligation should be reduced accordingly.

Finally, in setting support as required in *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986), the trial court must make specific findings as to the factors considered in formulating the award under Minn.Stat. § 518.551, subd. 5 (1986), which include appellant's and children's expenses. The trial court omitted this finding although appropriate evidence was submitted.

Additionally, respondent's expenses did not appear to have been computed in accordance with the statute.

## DECISION

The evidence supports the trial court's determination of joint custody, appellant's earning capacity and respondent's income. The trial court erred, however, by failing to set support as required in joint custody arrangements according to *Valento.* We therefore remand only for the support determination.

Affirmed in part, reversed in part and remanded.