In re the Marriage of Judith Ann JOHNSON, petitioner, Respondent,

v.

Christopher Ray JOHNSON, Appellant.

No. C5–83–1773.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Carl D. Schway, Schway & Gotlieb, St. Paul, for respondent.

Wayne A. Pokorny, Pokorny & Erickson, Minnetonka, for appellant.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

The parties' four-year marriage was dissolved by a judgment filed in Hennepin County. Christopher Johnson moved the court for an amended judgment or, in the alternative, a new trial. The trial court denied the motion, and Christopher appeals. We affirm in part; reverse and remand in part.

## FACTS

The parties were married in June of 1979. In August of 1980, their daughter, Heather, the only child of the marriage, was born. At the time of the dissolution, the daughter was three years old; Judith, the mother, and Christopher, the father, were each 38 years old.

The trial court awarded custody of Heather to Judith. Christopher was ordered to pay $440 per month for child support. Judith and Heather were given use of the family home in Edina for the next five years.

Judith's net monthly salary is $1206.19. Christopher's net income was $1014.16 from Mayan Plastics, $250 from a trust fund, and $25 as a Wadell & Reed trainee. The Wadell & Reed income was expected to be substantially greater in the future. Christopher's total net monthly income at the time of the hearing was $1264.15. The $440 child support payment therefore equalled roughly 35% of his net monthly income.

The parties' home was purchased in 1980 for $85,500.00. They made a down payment of $36,500.00, of which $22,000.00 was nonmarital assets of Christopher, $3100 was a nonmarital contribution of Judith, and $11,400 was a gift from Christopher's parents to both Christopher and Judith and therefore marital property. The house is held in joint tenancy.

## ISSUES

1. Did the trial court abuse its discretion by ordering child support payments in excess of the child support guidelines?

2. Did the trial court abuse its discretion by ordering that the wife and child should have use of the homestead for the next five years?

## ANALYSIS

1. The 1983 session of the Minnesota Legislature established child support guidelines. Act of June 9, 1983, ch. 308, § 17, 1983 Minn.Laws 1748, 1757–58 (codified at Minn.Stat. § 518.551(5) (Supp.1983)).

The guidelines went into effect August 1, 1983. *Id.* § 33 at 1767. They are applicable to any decree issued after the effective date. *Halper v. Halper,* 348 N.W.2d 360 at 363 (Minn.Ct.App.1984).

The decree dissolving the parties' marriage was dated August 19, 1983 and filed August 22, 1983. Since the decree was issued after the guidelines went into effect, the guidelines apply.

The guidelines are binding unless:

the court makes express findings of fact as to the reason for departure below the guidelines in that case in which the court orders support that so deviates from the guidelines. *It may also increase the amount of child support* by more than the guidelines without making express findings by agreement of the parties or *by making further findings.*

Minn.Stat. § 518.551(5)(e) (Supp.1983) (emphasis added). The statute specifically requires findings to justify an upward departure from the guidelines when mutual consent is not present.

Since Christopher makes over $1001 per month and has one child, his obligation under the guidelines is to contribute 25% of his net monthly income to child support. The trial court's order, which represents 35% of his net monthly income, is substantially over the guidelines obligation.

The trial court did not make findings to justify an upward departure. By exceeding the guidelines without making the required findings, the trial court failed to follow the statute. On the issue of child support, we must reverse and remand for consideration under the guidelines.

■ 2. Under Minnesota law:

The court, having due regard to all the circumstances and the custody of children of the parties, may award to either party the right of occupancy of the homestead of the parties, exclusive or otherwise .... An award of the right of occupancy of the homestead, whether exclusive or otherwise, may be in addition to the maximum amounts awarded under sections 518.58, 518.61 and 518.611.

Minn.Stat. § 518.63 (1982). The Minnesota Supreme Court has interpreted the statute as giving the trial court "broad discretion to award one of the parties the right to occupy the parties' homestead exclusive or otherwise." *Bogen v. Bogen,* 261 N.W.2d 606, 611 (Minn.1977). This is the kind of discretion that is not overturned but for clear abuse. *Id.* at 609.

■ Mere financial hardship, or the fact that the parties could live on smaller budgets if the house were sold, may be factors considered by the trial court in exercising its discretion, but they do not, of themselves, show an abuse of discretion. The trial court did not abuse its discretion.

### DECISION

The trial court cannot order support in excess of the guidelines over the objections of one party without specific findings to justify the departure. We reverse and remand for consideration under the guidelines.

The trial court was within its discretion to order use of the homestead for five years to the mother and child.

**Affirmed in part; reversed and remanded in part.**