In re the Marriage of Loretta HORTIS,
petitioner, Respondent,

v.

Theophanis HORTIS, Appellant.

No. C5–84–1587.

Court of Appeals of Minnesota.

May 14, 1985.

634

Gerald R. Grote, Rinke, Noonan, Grote & Smoley, St. Cloud, for respondent.

Roger P. Schmidt, Schmidt & Lund, St. Cloud, for appellant.

Heard, considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ.

## OPINION

FORSBERG, Presiding Judge.

This appeal is from that portion of a dissolution judgment and decree dealing with child support and the division of property. The court, in a bifurcated proceeding, had earlier awarded joint physical custody, each parent having custody for approximately 6 months. We affirm the property division and reverse and remand the trial court's determination of child support.

## FACTS

Theophanis (Theo) Hortis and Loretta Hortis were married in 1969, and have two sons, ages 12 and 9. The court following a custody hearing awarded joint physical custody of the boys, giving custody to Loretta from August 16 to February 15 of each year, and to Theo from February 15 to August 16, with appropriate rights of visitation.

The court found Theo's net income per month to be $1,765.68, and Loretta's net income to be $690.75. The court determined child support by taking each parent's support obligation from the statutory guidelines and assigning the difference to Theo as his year-round obligation, after adding a small amount for a clothing allowance because Loretta would be required to buy winter clothing. Theo was ordered to pay $400 per month child support.

The court awarded the homestead to Loretta, along with her own retirement fund ($350) and items of personal property. Theo received his pension, which the court valued at approximately $18,000, his savings, valued at $3,431, items of personal property, and the couple's lake property, which was in foreclosure and thus assigned no value. This property division, by the court's figures, gave Loretta about $800 more than Theo of the marital assets.

Theo's pension included a regular, vested pension whose valuation at $8,000 was not disputed, and a supplemental pension which is apparently unmatured and non-vested. Theo testified that he could withdraw only one-half of this account, and would forfeit the balance if his employment terminated, whether voluntarily or involuntarily. An annual statement was received showing the balance as of September 1, 1983. The trial court, apparently on the basis of the pay stub submitted, adjusted this balance up to the time of trial, arriving at a valuation of $9,093.40. The total pension was valued at $18,072.40.

Theo also maintained a variable annuity savings account by direct deposit from his paycheck. The trial court valued this marital asset as of December, 1983, ignoring the $2,500 in withdrawals made between that time and the April, 1984 hearing date. Theo testified that these withdrawals were made to pay expenses and legal fees.

The trial court ordered Theo to pay $6,000 of Loretta's attorneys fees, "[a]s and for further child support."

## ISSUES

1. Did the trial court correctly apply the statutory support guidelines to the joint custody situation?

2. Did the trial court err in its valuation of an unmatured, nonvested pension, or in its assignment to the employee spouse?

3. Was the valuation of appellant's savings account as of a date before trial an abuse of discretion?

4. Was the award of attorneys fees beyond the court's discretion?

## ANALYSIS

### I

The trial court took Theo's support obligation as determined by the statutory support guidelines, subtracted that of Loretta, determined in the same way, and assigned this amount as Theo's monthly obligation, payable throughout the year, even when he enjoys custody.

The court explained its formula as follows:

There is a significant difference in the earning capacity of the parties and it is inconceivable that the children should live with their mother on a subsistence level income for six months of the year and live in relative affluence the other six months of the year. The Court believes that where joint custody is appropriate and a substantial disparity exists in the parties' incomes, application of the guidelines in the manner most beneficial to the children requires a calculation of the guidelines support amount for each party for the entire year.

Appellant contends that the proper formula to apply is to subtract the statutorily-determined obligations, but make the difference payable only for the six months Theo does not have custody (although payment can be spread over the entire year).

This court stated as follows in *Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn.Ct.App.1984):

[The statutory guidelines] clearly reflect a legislative determination that children are entitled to benefit from the income of the *non-custodial parent* and to enjoy the standard of living that they would have had if the marriage had not been dissolved. Conversely, the Legislature determined that the *non-custodial parent* has an obligation to commit a certain amount of income to his/her children as a priority over other expenses.

(Emphasis added). Although both parents owe an equal duty of support, historically the assumption has been that the custodial parent provides his or her share of the support, whether through services or through expenditures not monitored by the court. Statutory enforcement has been applied only against the non-custodial parent who may more easily avoid the obligation.

In this case, however, the joint custody arrangement results in each parent being a non-custodial parent for approximately six months of the year. Minn.Stat. § 518.17, subd. 4 (1984), provides as follows:

The court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support * *.

The support ordered by the trial court is not shown to be either reasonable or necessary. A *year-round* obligation of $400 per month is not shown to be necessary, considering Loretta's net income of $695 per month, to meet the needs of the children. The trial court made no findings as to Loretta's reasonable monthly expenses. Loretta's estimate of monthly expenses included expenses attributable to the needs of the children and was, therefore, valid for only six months of the year (we recognize some of those expenses are year-round). Finally, the support ordered is not reasonable because it ignores the contributions made by Theo as a custodial parent.

We believe that child support should not be used as a means of equalizing income

between parents who share the obligations of physical custody. Disparity in income must be related to the needs of the children. Absent a showing that the children's needs require a higher level of support from the parent with the higher income, we believe the guidelines should be straightforwardly applied, i.e., by requiring Theo to pay the monthly support indicated by the guidelines during the months Loretta has custody, and requiring Loretta to pay support according to her income and the support guidelines during the months Theo has custody.

The trial court on remand should determine the needs of the children. It may deviate upward from the guidelines-indicated support by making further findings, Minn.Stat. § 518.551, subd. 5(e), and may offset the respective child support obligations, or annualize payments, or both, within its discretion.

## II

■■■ A non-vested pension is marital property subject to distribution in a dissolution action. *Janssen v. Janssen,* 331 N.W.2d 752, 754 (Minn.1983). The preferred method of dividing such benefits is set out in *Taylor v. Taylor,* 329 N.W.2d 795, 798 (Minn.1983):

Division of retirement benefits at the time of divorce has the obvious advantage of avoiding the continuing jurisdiction of the court in order to insure that the appropriate payments are made to the non-employee spouse upon receipt of pension benefits by the employee spouse. This method is preferred where there are sufficient assets available at the time of divorce to divide the present value of the retirement benefits without causing an undue hardship to either spouse and where testimony on valuation is not unduly speculative.

■■■ The preferred method for non-vested pensions is also the "present cash-value method," as long as the *Taylor* requirements are met. The court in *Janssen* stated as follows:

Nonvested pensions need not be treated any differently than vested but unmatured pension rights or benefits: both contain contingencies on the actual payment of pension benefits.

331 N.W.2d at 756.

■■■ Theo claims that the "present cash-value" division of the pension causes him undue hardship. The Hortises do not have substantial assets, the marital estate being limited to the homestead, pension, personal property and a small savings account. *See, Janssen,* 331 N.W.2d at 753 (total value not listed). While Theo has a substantial income, it is comparable to the husband's income in *Janssen.* However, the value of the pension here, $18,000, is not nearly so disproportionate with the Hortis' other assets as the $90,000 pension in *Janssen.* Although Theo receives minimal assets with present value, his income is easily sufficient to generate such assets.

The second *Taylor* requirement concerns the speculative nature of valuation, not of the ultimate vesting of the pension, as Theo argues here.

Appellant also contests the valuation of the supplementary pension as of the time of trial, rather than as shown in the annual statement six months earlier. Although it would have been preferable to base this valuation on a current statement, Theo failed to provide one, and the decision to prefer a current valuation to the six-month-old statement was within the court's discretion.

## III

The trial court chose to disregard recent depletions in Theo's savings account to pay legal fees and expenses.

■■■ The general rule is that a party cannot be permitted to benefit by depletion before trial of marital assets within his control. *Bollenbach v. Bollenbach,* 285 Minn. 418, 428, 175 N.W.2d 148, 155 (1970). Theo conceded that the withdrawals were to pay for his legal fees and expenses, which would be his own responsibility absent a court order. *See,* Minn.Stat. § 518.-

14 (1984). The court, therefore, was well within its discretion in disregarding these withdrawals.

## IV

■ Appellant contends that the court's award of $6,000 attorneys fees to respondent was not supported by evidence of the reasonable value of legal services provided. There was testimony as to fees incurred, but no itemized list of charges.

This court has stated:

In Minnesota, in awarding attorney's fees, there must be "a determination of reasonable value based upon proof thereof or the court's observation of the services performed."

*Moberg v. Moberg,* 350 N.W.2d 421, 424 (Minn.Ct.App.1984) (quoting *Larson-Roberts Electric Co. v. Burdick,* 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964)). Appellant argues that the court's observation of services is not a sufficient basis here because the same judge did not preside over all proceedings. He did, however, preside over both the custody and property/support hearings. In light of the protracted and thorough legal contest engaged in by the parties, and appellant's claimed attorneys fees of $14,000, the sum of $6,000 awarded for respondent's attorneys fees is supportable.

■ Appellant's argument that the fees awarded are beyond his financial resources, *see,* Minn.Stat. § 518.14, is without merit. He relies heavily on *Eizenhoefer v. Eizenhoefer,* 292 Minn. 442, 193 N.W.2d 628 (1972), in which the court reversed an award of $5300 where the husband had minimal assets. In *Eizenhoeffer,* however, the husband's salary was only $13,000, whereas Theo earns well over $30,000 per year.

## DECISION

The trial court's ordering of support payments to be made for the months Theo has custody was not reasonable or necessary, without a finding that the children's needs required it. The valuation and division of the non-vested pension was within the trial court's discretion, as were the valuation of the savings account and the award of attorneys fees.

Affirmed and Remanded in Part.