**In re the Marriage of Frank Merle ESPOSITO, petitioner, Appellant,**

v.

**Bonnie Lou ESPOSITO, Respondent.**

**No. C2–84–2132.**

Court of Appeals of Minnesota.

July 23, 1985.

John H. Brennan, Minneapolis, for appellant.

M. Sue Wilson, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

In this marriage dissolution action, appellant Frank Esposito appeals the portion of the trial court order requiring him to pay to respondent, Bonnie Esposito, $400 per month for support of the parties' two minor children, including requiring appellant to pay full child support for those portions of the month when he has their actual physical custody and is responsible for their necessities of life.

We reverse and modify.

## FACTS

Appellant Frank Esposito and respondent Bonnie Esposito were married on August 17, 1969. Two children were born of their marriage.

Prior to trial, the parties entered into a stipulation dividing marital assets and providing for joint legal and physical custody of the children. This was true joint physical custody with each parent having the children for 50% of each month. At trial, the sole issue was the amount of child support.

Appellant testified that he is the principle owner and secretary-treasurer of Espo, Inc., a closely held corporation which owns several restaurants and delicatessens. The trial court found his average net monthly income to be $2,614.88. He demonstrated monthly expenses of $1,864.

Respondent is employed by the City of Minneapolis and earns a net monthly income of $1,945.76, plus standard city employee fringe benefits. She demonstrated monthly expenses averaging $2,257.91.

Pursuant to the stipulation, appellant was granted the homestead and respondent was granted a property settlement of $20,000 in cash and another $45,000 payable in 60 consecutive monthly installments of $956.12 (the unpaid balance accrued interest at the rate of 10% simple).

The parties testified about the children's standard of living with each parent. While living with appellant in his large home on Lake Nokomis, the children have separate bedrooms, wear good clothes, eat well and travel extensively. While living with respondent in her smaller home, the children share a bedroom, wear less expensive clothes, eat less expensive food and travel minimally.

Based on that evidence, the trial court ordered an upward departure from the child support guidelines and required appellant to pay respondent $400 every month for child support with no deduction for the weeks he had actual physical custody. Respondent was not required to pay any child support to appellant.

## ISSUE

Did the trial court abuse its discretion by ordering appellant to pay to respondent $400 every month for child support, including that 50% of the month he had actual physical custody and was solely responsible for the children's food, clothing, shelter and other necessities?

## ANALYSIS

■ It is settled that trial courts have broad discretion in setting the amount of child support. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn.1983); *Bollenbach v. Bollenbach*, 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970). On appeal, we must affirm the trial court decision if it "has a reasonable and acceptable basis in fact and principle." *Dubois v. Dubois*, 335 N.W.2d 503, 507 (Minn.1983).

■ Trial courts must consider the following factors when setting child support:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984). In addition, the trial court must make express findings of fact if it departs from the guidelines contained in Minn.Stat. § 518.551, subd. 5. Minn.Stat. § 518.17, subd. 5.

After considering the factors outlined in Minn.Stat. § 518.17, subd. 4, the trial court found this case to be an appropriate case for departing upward from the guidelines "in view of the joint legal and joint physical custody arrangement agreed upon by the parties, the respective resources and needs of the parents and children, and in consid-

eration of all the other statutory factors * * * ."

The court made a specific finding:

The children experience a great difference in standard of living between the Petitioner's home and the Respondent's home. The children reside with Petitioner 50 percent of the time and with Respondent 50 percent of the time. When they reside with Petitioner they live in a large home on Lake Nokomis. When they reside with Respondent they live in a small house in a moderate neighborhood of south Minneapolis. In addition, when the children live with the Respondent they are forced to share a bedroom, wear a lower quality of clothing, eat a lower quality food and in general, have a lower standard of living than when they live with Petitioner. The Respondent is in need of child support from the Petitioner in order to adequately provide for the children while they reside with her; and in order to bring the standard of living of the children, while they reside with her, to a level commensurate with that they enjoy while they reside with the Petitioner.

Appellant argues that this 400% upward deviation from the child support guidelines is not supported by the evidence.

Appellant points out that based on his net pay, guidelines support would have been approximately $800 per month ($2,614.88 × 30%) for that 50% of the year when respondent had actual physical custody, a total yearly outlay of $4,800 (6 months × $800).

Similarly, under the guidelines respondent would pay child support of approximately $600 per month ($1,945.76 × 30%) to appellant for the 50% of the year in which appellant had actual physical custody, a total outlay of $3,600 (6 months × $600), leaving a net difference owing by appellant of $1,200 a year ($100 a month).

Instead of applying the guidelines, the court ordered appellant to pay respondent $4,800 per year and required her to pay him nothing for child support, thus the claimed 400% upward departure ($1200 = pure guidelines; $4800 = 4 × guidelines).

Appellant further argues that the court's findings are not consistent with the evidence. Testimony showed that his monthly expenses for food, clothing, grooming and incidentals came to $470 per month, compared with respondent's expenditures for the same items, of $390 a month. Respondent's own testimony showed just the slight difference of $80 per month, despite her claim that the children had to make due with considerably less expensive clothes, less expensive food and less travel while living with her.

Appellant claims that the difference in living styles is not that disparate and points out that both parents' homes are located in the same school district in approximately the same neighborhood, and that the children attend the same school while living with either parent.

■ We find that the court properly considered the statutory factors justifying an upward departure, but erred by requiring appellant to pay child support for the portion of the year he had physical custody of the children.

It is not disputed that the parties, through their own agreement, share physical custody and that each is responsible for the children's basic necessities such as food, clothing and shelter while the children live with them. Respondent has a good job and a good salary with fringe benefits, received a substantial property settlement, and yet was not required by the court to contribute any direct child support to appellant when he was responsible for raising the children. On the other hand, appellant was required to pay direct child support to respondent both when she had the responsibility of caring for the children and when she did not.

While the children live with appellant, respondent has no obligation to provide any support for their food, clothing, medical care, or day-to-day expenses even though her monthly income is approximately $2,000 from her job. We recognize that

respondent will have certain constant expenses, such as house payments or rent and utilities, even when the children are living with their father, but the same is true for appellant while the children live with their mother.

We find that an upward departure is justified but only to double the statutory guidelines, and we modify appellant's support to $200 per month payable during that half of the month respondent has physical custody.

We affirm the trial court's excusing respondent from paying any direct child support while appellant has physical custody, but hold that an additional $200 for that half of the month she has physical custody is proper.

Evidence was submitted in court that appellant's income is in a temporary slump, and that prior to the dissolution he grossed approximately $5,200 per month with a net take-home of approximately $3,100. Since the trial court retains continuing jurisdiction of this matter until the children attain age 18, the question of child support may be reconsidered at a later date upon evidence of a substantial change in circumstances should the need arise. Minn.Stat. § 518.64, subd. 2 (1982).

## DECISION

The trial court order setting child support payable to respondent at $4,800 yearly, is reversed and modified to $2,400 per year, payable at the rate of $200 monthly during that half of the month when respondent has physical custody.

Reversed as modified.