**In re the Marriage of Jeffrey D. VALENTO, Petitioner, Appellant,**

v.

**Robin Alice VALENTO, Respondent.**

No. C9–85–1683.

Court of Appeals of Minnesota.

April 22, 1986.

Review Denied June 30, 1986.

Walter B. Parsons, Sr., Roseville, for appellant.

Richard D. Goff, Eugene E. Weyer, Goff, Kaplan & Wolf, P.A., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This appeal involves a marriage dissolution. Jeffrey D. Valento appeals from certain aspects of a judgment and decree entered June 7, 1985, which dissolved his marriage to Robin A. Valento. Appellant disputes the trial court's departure from the child support guidelines, the court's award of the dependency deduction to respondent, and the court's refusal to order an immediate sale of the homestead so that he could realize his share of the equity now. We affirm on the issues of the dependency deduction and the sale of the homestead and reverse and remand the support order for findings to justify a departure from the guidelines.

## FACTS

The marriage of Robin and Jeffrey Valento was dissolved in June of 1985. The parties had one minor child, Jason, who was five years old at the time.

At trial the parties dictated into the record their agreement regarding the issues of child custody, visitation, property settlement and spousal maintenance. The parties had agreed that they would have joint legal and physical custody of their son. Appellant was to have physical custody for 12 days out of every 28 and respondent 16 days out of every 28.

The remaining issues, including child support, an award of the homestead, the child dependency tax exemption, and attorney's fees were submitted to the court. The parties presented testimony to the trial court on the first three issues. By a decision dated May 9, 1985, the trial court determined the issues in dispute.

Jeffrey Valento is employed by GCA Corporation. The trial court found that appellant's net monthly income was approximately $1,980 and his monthly expenses were approximately $1,300.

Robin Valento is employed by the State of Minnesota. The trial court found that she had a net monthly income of $950 and her monthly expenses were approximately $1,300.

Appellant testified that the parties' child had no means of support and no resources other than what he received from his parents. The trial court found that the child's needs would be met by a support payment of $350 per month from the appellant to the respondent. The court stated:

> In setting the support figure, the Court takes into account the fact that the child will be living with petitioner 12 days out of every 28 and with the respondent 16 days out of every 28. The Court also takes into account the respective incomes of the two parties.

No other findings were made regarding the child support figure.

The decree provided that the respondent would pay all child care expenses, which

respondent testified amounted to $144.00 a month. She was given the right to claim the minor child as a dependent for federal and state income tax purposes. She was awarded the homestead of the parties subject to a lien in favor of the appellant. The lien is to be satisfied upon certain contingencies.

Respondent was ordered to make all the payments of principal, interest, taxes and insurance on the homestead. At the time of the payment of the lien or when the home is sold, respondent is to be given credit for any reductions in principal in the mortgage and the parties are to split the remaining equity. Jeffrey Valento appeals from the judgment and decree.

### ISSUES

I. Did the trial court abuse its discretion in setting child support at $350 per month?

II. Did the trial court abuse its discretion in giving respondent the dependency deduction?

III. Did the trial court abuse its discretion in not ordering an immediate sale of the homestead?

### ANALYSIS

#### I.

Appellant claims that the support amount is excessive under the child support guidelines set out in Minn.Stat. § 518.551, subd. 5 (1984) as applied to a joint physical custody situation; that the support award is excessive because the court merely deducted respondent's income from her expenses; and that the support is excessive because it is greater than the guidelines provide for and is unsupported by findings.

The method for applying the guidelines to joint custody situations was set out in *Hortis v. Hortis*, 367 N.W.2d 633 (Minn.Ct. App.1985). In *Hortis* this court held that the trial court incorrectly applied the guidelines where the parties were awarded joint physical custody of their two children. *Id.* at 634. In setting a support amount the trial court had subtracted the mother's guideline amount from the father's guideline amount. *Id.* at 635. The difference was awarded as support to the mother, to be paid by the father as monthly support *year-round*, which included the time when the father had custody. *Id.*

This court reversed in part because the father's contributions as a custodial parent were not recognized by the trial court. *Id.* We held that the proper method of determining support in a joint custody case was to require the father to pay his guideline amount only during the months when the mother had custody and vice-versa. *Id.*

█ The same method should be used in all joint custody situations, unless there are specific reasons for a departure. *See Hortis*, 367 N.W.2d at 636 (absent a showing that the children's needs require a higher level of support from the parent with the higher income, the guidelines should be straightforwardly applied). An upward departure is authorized without express findings only if the parties agree or if the court makes further findings. Minn.Stat. § 518.-551, subd. 5(e) (1984). Absent evidence of mutual consent findings are required to justify an upward departure. *Johnson v. Johnson*, 352 N.W.2d 819, 821 (Minn.Ct. App.1984).

█ In this case, if respondent had sole physical custody, appellant's guideline amount would be $495.33 per month ($1,981.33 × 25%). *See* Minn.Stat. § 518.-551, subd. 5. If appellant had sole custody, respondent's guideline amount would be $218.50 ($950.00 × 23%).

Appellant argues that under *Hortis* those figures should be reduced to 16/28 of appellant's guideline amount and 12/28 of respondent's guideline. This would reflect the amount of time support is owed while the other parent has custody. Next, according to appellant, the respondent's reduced amount should be subtracted from appellant's reduced amount to arrive at the

total monthly support required under the guidelines, about $189.41.[1]

This method of computing child support follows *Hortis*. *See Hortis*, 367 N.W.2d at 635–36. A party's support obligation is determined by his or her guideline amount for the period of time the other parent has custody. *Id.* Payments may be made strictly during that time period or may be spread out over the entire year. *Id.* at 636.

Appellant correctly points out that the award of $350 was an upward departure. It was not supported by findings. A departure must be accompanied by specific findings which justify the departure. Minn. Stat. § 518.551, subd. 5(e). *See, e.g., Esposito v. Esposito*, 371 N.W.2d 608, 610 (Minn.Ct.App.1985) (court's specific finding that the children experienced a great difference in the standard of living between the parties' homes was sufficient to justify upward departure).

■ The factors upon which findings to support a departure are made are the following:

> (a) The financial resources and needs of the child;
>
> (b) The financial resources and needs of the custodial parent;
>
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) The physical and emotional condition of the child, and his educational needs; and
>
> (e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984).

A trial court is not required to make specific enumerated findings for each of the five factors listed in section 518.17, subd. 4. *Berthiaume v. Berthiaume*, 368 N.W.2d 328, 334 (Minn.Ct.App.1985). All that is required is that the trial court generally consider the five statutory factors in conjunction with each other. *Id.*

■ The court's statement that it considered the fact of joint custody and the respective incomes of the parties is inadequate under these standards. It does not constitute the specific findings contemplated by the statute. *See* Minn.Stat. § 518.551, subd. 5(e).

Because the findings are insufficient to support the award, we need not decide appellant's other arguments on the support issue. We note only that the fact that the difference between respondent's income and expenses is also $350 is quite a coincidence. A trial court cannot deviate from child support guidelines by merely subtracting a parent's income from his or her needs. *Letourneau v. Letourneau*, 350 N.W.2d 476, 478–79 (Minn.Ct.App.1984).

## II.

■ The federal Internal Revenue Code provides a dependency deduction for the "custodial" parent of a child of divorced or separated parents. I.R.C. § 152(e)(2) (West Supp.1986). The custodial parent is automatically entitled to the deduction unless he or she affirmatively waives the right to claim the exemption in writing and the writing is attached to the non-custodial parent's tax returns. *Id.* The Code provides that the custodial parent is the parent who has physical custody of the dependent child for the greater portion of the calendar year. Section 152(e)(1)(B). Respondent was entitled to the deduction. It was not an abuse of the trial court's discretion to award the deduction to her.

---

1. The following chart outlines appellant's proposed formula.

| | Appellant | Respondent |
|---|---|---|
| Total net monthly income | $1,981.33 | $ 950.00 |
| Guideline percentage | 25% | 23% |
| Guideline amount | $ 495.33 | $ 218.50 |
| Fraction of time other parent has custody of minor | 16/28 | 12/28 |
| Guideline amount reduced by percentage of custody | $ 283.05 | $ 93.64 |
| Appellant's total monthly support obligation | $ 283.05 | |
| | − 93.64 | |
| | $ 189.41* | |

* Compare to $350.00 actually awarded.

## III.

■ Because the homestead was the parties' primary marital asset, appellant claims the court should have either lowered the child support award to reflect his equity in the home or ordered an immediate sale of the home. Appellant provides no authority for his claim that his support should be decreased because respondent was awarded occupancy of the homestead.

Trial courts have broad discretion to award occupancy of the homestead to one of the parties. *Rohling v. Rohling*, 379 N.W.2d 519, 523 (Minn.1986).

The welfare of minor children is paramount in a court's decision whether to order an immediate sale of the homestead, even where the party not awarded the homestead seeks his or her share of the equity immediately. *See Goar v. Goar*, 368 N.W.2d 348, 351 (Minn.Ct.App.1985). An immediate sale is not favored because of the trauma a change of residence causes to minor children. *See id.*

A minor child is involved here. Respondent has custody a greater amount of time than appellant. There are no special circumstances warranting an immediate sale. Once a court has taken into consideration all of the circumstances of the parties and the custody arrangement, its disposition of the homestead is a matter of discretion. *Id.* at 351. That discretion was not abused.

### DECISION

The trial court's findings are inadequate to justify a departure from the child support guidelines. The trial court did not abuse its discretion in awarding the dependency deduction to respondent. The trial court's refusal to order an immediate sale of the homestead was not an abuse of discretion.

In light of this decision, respondent's request for attorney's fees on this appeal is denied.

Affirmed in part, reversed in part and remanded.