**In Re the Marriage of Judith A. TUMA, Petitioner, Respondent,**

v.

**Curtis W. TUMA, Appellant.**

**No. CO–86–61.**

Court of Appeals of Minnesota.

June 17, 1986.

---

Michael H. Kennedy, Kennedy & Ingman Law Firm, Mankato, for respondent.

Greggory J. Woods, Schmitz & Woods Law Firm, St. Peter, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Curtis Tuma appeals from the judgment and decree in this dissolution case, claiming that the property division and child support award were improper and that the trial court erred in granting sole legal and physical custody of the parties' minor child to respondent, Judith Tuma. We affirm.

## FACTS

At trial, social worker Mimi Braun opined that both parents could care adequately for eleven-year-old Chris Tuma, but stated that Judith Tuma had actually demonstrated her parenting skills, whereas Curtis Tuma's skills were yet unproven. Neither party disputes that Judith was the primary caretaker throughout the marriage. Braun testified that Curtis Tuma began spending more time with Chris Tuma after the separation, but found no evidence that his daily caretaking had increased.

The parties' testimony, Braun's testimony and report, and the trial court's findings all confirm that the parties have been completely unable to communicate or cooperate in caring for Chris Tuma and arranging visitation. Judith Tuma had temporary custody subject to Curtis Tuma's visitation until trial. Braun summarized the situation: "[T]he parents have shown very little ability to problem-solve or negotiate together and in the interim have clearly let the marriage issues influence their parenting relationship." Communication became so bad that the parties ceased speaking directly with one another and communicated through Chris Tuma. The child himself arranged the visitation schedule between the parents.

The trial court interviewed Chris Tuma in chambers. Chris Tuma expressed a preference to live with his father because his

father takes him hunting, fishing, and golfing.

The trial court divided the marital estate as follows:

| Judith Tuma | | Curtis Tuma | |
|---|---|---|---|
| Homestead | $26,163 | 1983 Ford pickup | $ 8,850 |
| 1981 Ford | 2,225 | PERA | 20,613 |
| IRA | 5,104 | Life insurance | 2,744 |
| ½ TCF account | 2,054 | ½ TCF account | 2,054 |
| household goods | 1,710 | Sporting goods | 1,300 |
| misc. prop. | 500 | Boat, motor, trailer | 1,200 |
| | | motorcycle | 1,000 |
| | $37,761 | | $37,756 |

The trial court set child support at $345 per month, finding that Curtis Tuma's net monthly income is $1,435.

## ISSUES

1. Did the trial court abuse its discretion in granting sole custody to Judith Tuma instead of joint custody?

2. Did the trial court abuse its discretion in setting child support?

3. Did the trial court abuse its discretion in dividing the marital estate?

## ANALYSIS

### I. CHILD CUSTODY

■ Curtis Tuma claims that the trial court erred in granting sole physical and legal custody to Judith Tuma instead of joint physical custody. Initially, we note that the trial court's findings have the particularity required of custody decisions. *See Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). The trial court carefully addressed every factor to be considered under Minn.Stat. § 518.17, subd. 1 (1984).

Courts may grant joint custody only after considering, among other factors, "the ability of the parents to cooperate in the rearing of their children." Minn.Stat. § 518.17, subd. 2 (1984). The factors listed in the statute apply to joint physical, as well as joint legal custody. *Id.; Brauer v. Brauer,* 384 N.W.2d 595 (Minn.Ct.App. 1986).

The trial court found that "[t]he parties are unable to cooperate with each other in order to work out any type of joint legal or physical custody." Copious evidence throughout the record supports this finding. The trial court did not abuse the discretion accorded it in rejecting joint custody because of the parents' demonstrated inability to cooperate. *See Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

### II. CHILD SUPPORT

■ The trial court awarded child support of $345 per month. The guidelines amount is $358.75. Judith Tuma does not dispute this slight downward deviation.

Curtis Tuma claims that the trial court erred in setting child support at an amount which allegedly does not consider his monetary contributions to the child's activities and the household expenses he incurs because of the large amount of time the child spends with him. We disagree for several reasons.

First, Curtis Tuma presented no evidence of these expenses to the trial court, so his claim has no basis in the record.

Second, the judgment and decree states:
The giving of gifts or the purchases of food, clothing or other physical property will not fulfill the obligation to pay support, unless that practice is specifically approved in an order of the court.

The decree and Rule 7.04 of the Uniform Rules of Procedure for Family Court Dissolution Matters [1] on which the decree provision is modeled state a general policy prohibiting payment of child support by means other than cash, and we will not disturb it on appeal.

Finally, there is no authority for the proposition that child support should be reduced due to an allegedly large amount of visitation under a sole physical and legal custody arrangement. This court did permit child support to be set taking into account the proportion of time joint legal and physical custodians spend with the

---

1. The Uniform Rules of Procedure for Family Court Dissolution Matters are not binding on the trial court. *See Savoren v. Savoren,* 386 N.W.2d 288 (Minn.Ct.App.1986).

child in *Valento v. Valento,* 385 N.W.2d 860 (Minn.Ct.App.1986). *Valento* does not apply to situations of sole legal and physical custody, however. This case presents nothing more than a typical custody arrangement, with visitation every other weekend and one overnight every two weeks. This is no different from the liberal visitation routinely granted noncustodial parents, and presents no reason to reduce child support.

Curtis Tuma argues that the trial court misnamed the relationship between himself and the child, and that in practice it really is joint physical custody because of the allegedly large amount of visitation time. This argument has no merit because the social worker who did the custody study specifically recommended joint physical custody and the trial court expressly rejected her recommendation. The court made no mistake in naming the relationship as sole custody.

### III. PROPERTY DIVISION

Division of marital property lies within the trial court's broad discretion, and will be reversed only for a clear abuse of that discretion. *Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984).

Curtis Tuma maintains that the trial court erred by not considering outstanding loans against the two automobiles and in awarding Judith Tuma the console television as her nonmarital property. These claims are raised for the first time on appeal and we therefore will not review them.

Curtis Tuma maintains that the trial court erroneously valued Judith Tuma's individual retirement account, stating that she testified that it was worth more than $6,000. His claim has no merit. Judith Tuma's actual testimony was that the account was worth $5,104, the value assigned it by the trial court.

Regarding the household goods and life insurance policies, there is some discrepancy between the values assigned them and the evidence. Judith Tuma testified that the household goods were worth $1,585, yet the trial court valued them at $1,710. The parties testified to different figures

concerning at least two different insurance policies on Curtis Tuma's life, none of which works out to the ultimate $2,744 figure adopted by the trial court. Curtis Tuma claims that the insurance policies totaled approximately $1,713. Although the trial court might have erred in finding values with no basis in the record, we cannot say that the ultimate division of property amounted to a clear abuse of discretion. Equal division of property is not required, only an equitable one. Minn.Stat. § 518.58 (1984). Assuming that Curtis Tuma's figures represent the correct valuations of the household goods and insurance policies, Judith Tuma received $37,646 worth of property and Curtis Tuma $36,725, a 51%–49% division. We do not deem this an abuse of discretion. *See Gummow v. Gummow,* 375 N.W.2d 30 (Minn.Ct.App.1985). We affirm the trial court's division of the marital estate.

### DECISION

The trial court did not abuse its discretion in granting sole legal and physical custody of the minor child to respondent. The trial court did not abuse its discretion in dividing the marital estate or in setting child support.

Affirmed.