**In Re the Marriage of Kay BROAS, Petitioner, Respondent,**

v.

**Kenneth BROAS, Appellant.**

**No. C3–90–2665.**

Court of Appeals of Minnesota.

July 2, 1991.

672

Ronald S. Goldser, Zimmerman Reed, Minneapolis, for respondent.

John A. Warchol, Kimberly K. Westerholm, Warchol, Berndt & Hajek, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

In this marital dissolution action, appellant, father with joint physical custody, alleges that the trial court erred in its calculation of child support when it ordered appellant to pay $200 per month without adequate findings to support the upward departure from the guidelines. We reverse and remand for entry of a child support order consistent with this opinion.

**1.** Respondent submitted this figure at the post-trial motion. In the original judgment and de-

## FACTS

At the time of the dissolution of the marriage of appellant Kenneth Broas and respondent Kay Broas, they had one minor child still living at home, Annette Lee Broas, age 13. The parties stipulated before trial to true joint physical custody under which agreement they would transfer custody of their daughter on a weekly basis throughout the year. In addition, they agreed to share the child's special expenses which equal $240 per month. These amounts include school lunch tickets and expenses, allowance, dance lessons, clothing, haircuts, summer camp and the like. By the court's order modifying the judgment and decree, respondent pays for the expenses and each month appellant reimburses her $120 (half the total estimated amount).

Appellant has a net monthly income of $1,791 and reasonable monthly expenses of $1,665.50. Respondent has a net monthly income of $1,394 [1] and reasonable monthly expenses of $1,500. Based on this evidence, the trial court ordered appellant to pay $200 child support per month, and stated:

> While this is an upward deviation from the *Valento* formula, it is an amount which will enable each household to essentially meet its needs.

Further, in the post-trial order denying appellant's motion for a new trial on the issue of child support, the court ordered:

1. [Respondent] has received the pay increase anticipated at the time of trial and now has net monthly income of $1,394.
2. After trial, this Court ordered [appellant] to contribute $200 per month to [respondent] for child support. This gives [respondent] $1,594 to meet expenses and [appellant] $1,591 to meet expenses.

## ISSUE

Did the trial court err when it ordered a joint physical custodian to pay $200 per month in child support?

cree, the court found she had a net monthly income of $1,295.08.

## ANALYSIS

The trial court has broad discretion in determining child support. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn.1983). On review, this court must affirm if the determination "has a reasonable and acceptable basis in fact and principle." *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

This child support determination is governed by Minn.Stat. § 518.551 (1990). In applying the child support guidelines to joint physical custody cases, the court should require each parent to pay the guideline support amount only when the other parent has custody. *Valento v. Valento*, 385 N.W.2d 860, 862 (Minn.App. 1986), *pet. for rev. denied* (Minn. June 30, 1986); *Hortis v. Hortis*, 367 N.W.2d 633 (Minn.App.1985). Specifically,

> The guidelines should be straightforwardly applied * * * by requiring [father] to pay the monthly support indicated by the guidelines during the months [mother] has custody, and requiring [mother] to pay support according to her income and the support guidelines during the months [father] has custody.

The trial court * * * may deviate upward from the guidelines-indicated support by making further findings, Minn.Stat. § 518.551, subd. 5(e), and may offset the respective child support obligations, or annualize payments, or both, within its discretion.

*Hortis*, 367 N.W.2d at 636 (year-round support payments which trial court ordered in a 50–50 joint physical custody case were reversed and remanded for recalculation of amount and timing of payments to correspond with parents' custody schedule). This court has adopted the formula set out in *Hortis* in several key cases: *Veit v. Veit*, 413 N.W.2d 601, 606 (Minn.App.1987) (50–50 joint physical custody case remanded for calculation of support consistent with *Valento*); *Valento*, 385 N.W.2d at 862–63 (amount of support under *Hortis* formula should correspond with amount of custody); *Esposito v. Esposito*, 371 N.W.2d 608 (Minn.App.1985) (50–50 physical custody case reversed and modified to require payments only when parent did not have custody).

Applying that formula to the present case would produce the following result:

| | Appellant | Respondent |
|---|---|---|
| Total net monthly income | $1791.00 | $1394.00 |
| Guideline percentage required | 25% | 25% |
| Guideline amount of support | 447.75 | 348.50 |
| Percent of time parent has custody | 50% | 50% |
| Guideline amount reduced by percentage of custody | 223.88 | 174.25 |
| Appellant's obligation offset by respondent's obligation | −174.25 | |
| Appellant's monthly support obligation | $ 49.63 | |

Here, despite joint physical custody and the *Valento* formula, the trial court ordered appellant to pay $200 each month as child support. Appellant argues that the trial court erred first when it departed from the guidelines and the *Valento* formula, and second when it failed to make adequate findings to support this departure. We disagree with appellant regarding the sufficiency of the trial court's findings, but conclude that despite findings that enable us to conduct meaningful review, the court utilized an inappropriate basis for departure.

With regard to the child's needs, the trial court acknowledged that "[t]he parties' thirteen-year-old daughter has no income. She is involved in extracurricular activities, including dance. She has no extraordinary medical needs." The appropriateness of this finding must be tested against the fact that the parties had stipulated to the $240 monthly expense allowance to accommo-

date their daughter's special needs, separate from the child support issue.

More important, however, is our concern with the appropriateness of the court's declaration in the decree that its upward departure from the *Valento* formula enabled "each household to essentially meet its needs" and its declaration in the post-decree order that "This [child support award] gives [respondent] $1,594 to meet expenses and [appellant] $1,591 to meet expenses." We conclude that the trial court, in effectively equalizing the incomes of the parties through the child support award even though it found each party "gainfully employed, and neither * * * in need of spousal maintenance," applied an analysis appropriate to maintenance awards but inappropriate to awards of support.

Further, we believe respondent's reliance upon *Esposito*, 371 N.W.2d at 610, is misplaced. Respondent cites *Esposito* as supporting authority for the trial court's analysis here. Although the *Esposito* court performed a maintenance-like standard of living analysis when setting child support, we note that this court reversed the resulting child support award on appeal and ruled that courts must set guideline child support relative to the amount of time each joint custodian has custody of the child. *Id.* at 611. If we were to extend *Esposito* to cover the facts of this case, we would in effect merge analysis of child support issues with maintenance issues and violate the admonition of *Hortis* that:

> child support should not be used as a means of equalizing income between parents who share the obligation of physical custody. Disparity in income must be related to the needs of the children. Absent a showing that the children's needs require a higher level of support from the parent with higher income, we believe the guidelines should be straightforwardly applied.

*Id.*, 367 N.W.2d at 635–36. Inasmuch as the parties here have agreed to share the special expenses of the minor child, there has been no showing that her needs "require a higher level of support from the parent with the higher income." *Id.* at 636.

The formula set forth in *Valento* applies here.

## DECISION

The trial court erred when it departed from the child support guidelines and the *Valento* formula and set appellant's child support obligation at $200 per month when the parties share joint physical custody on a 50–50 basis.

Reversed and remanded.