[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PENDENTE LITE SUPPORT MOTIONS
These pendente lite support motions filed by both parties, where the original judgment in the case was reversed as to financial orders, raise the issues of what is "shared custody" in the context of the Connecticut Child Support Guidelines, how support should be handled in "shared custody arrangements" and what the effect of the birth of an additional child on a parent's obligation to support prior children where that parent has remarried.
Background
The plaintiff, mother, and the defendant, father, were married on September 26, 1980. Two children, Colin James, date of birth September 18, 1984, and Rachel Ann, date of birth, November 6, 1986, were born to the parties during their marriage. On April 17, 1989, the plaintiff brought an action seeking a dissolution of marriage, custody and financial orders. On January 16, 1991, the parties appeared before this judge and their marriage was dissolved on the grounds of irretrievable breakdown. It was agreed, and the court concurred, that all other pending issues, i.e. custody and financial, would be reserved and resolved by one of the judges sitting on family cases in Hartford. On March 18, 19, and April 11, 1991, a trial was held on all reserved issues before Judge Steinberg. On April 23, 1991, Judge Steinberg CT Page 2073 issued a decision on the reserved issues. He ordered joint legal custody of Colin and Rachel to both parents, primary residence with mother, but he provided that the two children "shall alternate living with the plaintiff mother and the defendant father in repeating seven-week patterns as follows:
Father, mother, father, mother, father, mother, mother. In addition, Judge Steinberg entered certain financial orders. Father appealed the financial orders. On February 11, 1992, the Appellate Court sustained father's appeal and reversed as to the financial orders and remanded the case for a hearing on all financial issues. Mulholland v. Mulholland, 26 Conn. App. 585 (1992).
Since the reversal both parties filed motions seeking support pendente lite, which motions this court heard.[1]
LAWS APPLICABLE
Section 46b-215b of the Connecticut General Statutes provides as follows:
 (1) That child support guidelines shall be considered in all determinations of child support amounts within the state.
 (2) There shall be a rebuttal presumption that the support amounts that result from the application of the guidelines are the proper amounts to be ordered.
 (3) A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case as determined under criteria established by the commission shall be sufficient to rebut the presumption.
 (4) In determining child support, guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in section 46b-84 of the Connecticut General Statutes. CT Page 2074
Section 46b-84 of the Connecticut General Statutes provides that the court shall consider the abilities of the parents, including age, health, station occupation, earning capacity, amounts and sources of income, estate, vocational skills and employability of each of the parents and the child, as well as the needs of the child in determining amount of support.
Several statutes provide that the court shall make orders concerning custody and visitation in the best interest of children. Connecticut General Statutes Sections 46b-56,46b-56a, 46b-59, 46b-61.[2]
The Child Support Guidelines provide, in part, as follows:
"(8) Custody Adjustments
 The Commission identified two categories of custody arrangements for which special consideration should be given in setting child support awards. "Shared custody" exists where the parents substantially share the physical care and control of the child or children. "Split custody" exists where each parent has primary physical care and control of one or more of the children.
 In the case of shared custody, the Commission finds that where the dependent child spends substantial time in the care of each parent, this factor should be considered a reason for deviation from the guidelines. A specific adjustment factor is not included in the guidelines because such adjustments should only be made based on the totality of circumstances in individual cases, which will inevitably be more complex than can be adequately contemplated in a rigid mathematical formula."
PRESENTATION OF THE PARTIES
Mother's Presentation: After examining the defendant father on his financial status, the mother presented a child support guideline worksheet which stated that her gross income is $1111.40 per week and after deductions for federal CT Page 2075 income tax, social security tax, retirement plan deductions, health insurance, state income tax, and day care cost, her net weekly income is $664.66. Her guideline worksheet reflected a gross income of $677.00 for the defendant father and after deductions for income tax, social security tax and health insurance, she indicated that his net income is currently $416.00.[3] She then indicates that the combined net income requires a total support obligation for both of $408.00, and that the father's obligation is 38% of $408.00, or $155.08 plus a percentage of any increase in his income. The plaintiff mother does not propose that the court deviate from the guidelines by the fact that the children reside with the father three-quarters of the time or by virtue of his having an additional child to support. If her proposal was adopted, she would have $819.00 to provide for herself and the two children and her husband would have $261.00 to provide for himself and their two children, even though they lived with him three-eighths of the time.[4]
Father's Presentation: After examining the financial status of the mother, the defendant father claims that mother's income is $748.00. This differs from mother's calculations because the father ignores mother's day care cost as a deduction from gross income. He arrives at a net income figure for himself in the amount of $344.00 He does this by deducting a projected future pension deduction and a claimed dependency exemption of $43.00. He then determines that the combined net income of the parties is $1092.00. He then finds that the guideline chart obligation for three children is 41.92%. Applying that percentage to his claimed net income of $344.00 he arrives at an amount of $144.20, which he then divides by three to come up with a rounded figure of $48.00 per child. He then uses an analysis based upon methodology used in the state of Minnesota in shared custody cases as follows:
Mother Father
Total Net Weekly Income $748.00 $344.00 Guideline % Required 37.60% 41.92% ------- ------- Guideline A Support 282.00 144.00 Father Other Dependent 48.00 ------ Adjustment 96.00 CT Page 2076 Percentage of time with other parent x 43% x 57% --------- ------- Adjusted Guideline Support $121.00 $ 55.00 Set-off of Father 55.00 ------- Obligation $ 66.00 Owed Father Weekly
Thus, he claims mother owes him $66.00 weekly.
COURT'S ANALYSIS
The court finds that the court-ordered arrangement of physical custody of the two children in this case is "shared custody" within the meaning of the Connecticut Child Support Guidelines. The children spend three-eighths of their time living with the father and five-eighths of their time living with the mother. The court finds that the Commission did not intend to define "shared" parenting so narrowly as to require precisely a 50-50 time. If it had intended that only a 50% sharing to mean substantial time it would have been easy for it to say so. Various state jurisdictions that have considered the issue judicially and statutorily have concluded the concept of shared custody contemplates a lesser custodial time than 50% with each of the two parents. V.B. v. M.L.T.B., 467 A.2d 880 (Pa. Super 1988); Cohen v. Cohen,396 S.E.2d 344 (N.C.App. 1990); Valento v. Valento,385 N.W.2d 860 (Minn.App. 1986); Broas v. Broas, 472 N.W.2d 671
(Minn.Ct.App. 1991); Colo. Rev. Stat. Sec. 14-10-1115(8) 1987).
Accordingly, the court finds that in accordance with the guidelines provision relating to "shared custody" there is reason to deviate from guideline mathematical charts. It should be noted that the guidelines further provide that where a shared custody arrangement exists a specific adjustment factor is not excluded but rather the adjustment should be based on the totality of the circumstances in the individual case rather than a rigid mathematical formula.
Appropriately, the court should consider the criteria in section 46b-84 of the Connecticut General Statutes. In that context and under the facts of the case, the methodology utilized in Minnesota is helpful as an analytical tool because the parties' housing costs are similar.[5]
CT Page 2077
In using that analytical tool the court will use the mother's net figures because the father's additional deductions from gross income are not appropriate in this case.
Applying the Minnesota analysis, the formula is as follows:
Mother Father
 Weekly Net Income $665.00 $416.00 Guideline % Required 37.74% 37.74%
 Guideline Amount $250.97 $157.06 % of Time Children with each parent 43.00% 57.00%
 Adjusted Guideline $107.92 $ 89.49 Set-Off — 89.49
Difference $ 18.43
A strict application of the Minnesota Guidelines would fail to account for the criteria of 46b-84 of the Connecticut General Statutes as well as the stricture of the guidelines that a rigid formula in shared custody cases would be inappropriate. Accordingly, considering the reasonable needs of the children in the context of the expenses of the parties with regard to the children, as reflected on the financial affidavits, the court finds that differential as found in a Minnesota-type analysis is evened out so that neither party here shall have a weekly support obligation to the other.
The court recognizes, however, that the father's earning capacity is in a state of flux and, thus, the No Support order may have to be changed from time to time.
Accordingly, the father is ordered to supply the plaintiff with a quarterly profit and loss statement, as he has agreed.
The court has not reduced father's obligations to his children by the plaintiff mother because of the birth of a CT Page 2078 child to he and his current spouse. Normally speaking, the court has not found it appropriate to reduce an obligor's support to prior children by virtue of the birth of another child to that obligor, although the court has had exceptions to that norm. In this case, the defendant father's proposal would essentially cause his former wife to partially support his child by his current wife without taking into account his current wife's capacity under 46b-84 of the Connecticut General Statutes and, in addition, it would not take into account his own capacity to support his new child without the assistance of his former wife. The case he cited on this point is not applicable because in that case the former wife attempted to increase support from a former spouse based upon the increase in income of the former spouse without regard to additional obligations he had incurred because he had remarried and had a child by that remarriage. Burkman v. Burkman, 1 Ct. CaseBase 10354 (1991).
Accordingly, the court orders no periodic support to either party pendente lite, but each party shall be responsible for one-half of the unreimbursed medical, dental and prescriptive expenses of the two minor children.
Barall, J.