In re the Marriage OF Steven Allen SCHLICHTING, Petitioner, Appellant,

v.

Kimberly Anne PAULUS, f/k/a Kimberly Anne Schlichting, Respondent.

No. C0–01–157.

Court of Appeals of Minnesota.

Sept. 4, 2001.

Todd A. Kelm, Kelm Law Offices, P.A., Sauk Rapids, MN, (for appellant).

James B. Dickinson, Koenig & Dickinson, Limited, Mound, MN, (for respondent).

Considered and decided by HANSON, Presiding Judge, WILLIS, Judge, and HALBROOKS, Judge.

## OPINION

HANSON, Judge

In this child-support phase of the parties' marital-dissolution proceeding, appellant father, who shares joint physical custody of the parties' children, argues the district court erred when it ordered appellant to pay "full guidelines" child support, without any Hortis/Valento offset for the time the children reside with appellant. Because the district court has discretion to deviate from the guidelines in the best interests of the children, and the district court's findings satisfy the criteria for deviation, we affirm.

## FACTS

The marriage of appellant Steven Schlichting (father) and respondent Kimberly Paulus (mother) was dissolved in 1996. That judgment granted the parties joint legal and physical custody of their two minor children and reserved the issue of child support. Initially, the parties agreed to rotate custody to achieve a $50/_{50}$ split.

In October 2000, the district court entered a second amended judgment recognizing the parties' stipulation that mother could move the primary physical residence of the children to Wisconsin during the nine-month academic year and that the children would primarily reside with father during the summer. During both periods, the other parent was entitled to visitation on alternating weekends, and all holidays throughout the year were divided equally. Mother, who had relocated to Wisconsin,

was held responsible for the majority of the cost of transporting the children between Wisconsin and Minnesota. The amended judgment did not change the award of joint physical custody.

In November 2000, the district court entered a third amended judgment that determined the issue of child support. The court included the following relevant factual finding:

> Currently [mother] is a full-time student and mother and is not employed. The Court finds that while the Respondent is currently under employed, she is engaged in an academic program that will lead to better employment opportunities. Further, the best interests of the children require that the [father] make full guide-line child support payments at this time.

The court required father to contribute child support of $805 per month, based on the guideline amount calculated under Minn.Stat. § 518.551, subd. 5(b) (2000). The court did not use the Hortis/Valento formula to reduce this amount based on mother's income and the period of the children's residence with father. *See Valento v. Valento*, 385 N.W.2d 860, 862–63 (Minn.App.1986), *review denied* (Minn. June 30, 1986); *Hortis v. Hortis*, 367 N.W.2d 633, 636 (Minn.App.1985) (stating that, in a joint physical-custody situation, each party's support obligation is determined by the statutory guidelines during the time the other parent has custody). Father appeals the child-support determination.

## ISSUES

1. Was the district court's failure to apply the Hortis/Valento formula to its calculation of child support a deviation from the guidelines, requiring findings as specified in Minn.Stat. 518.551, subds. 5(c) and 5(i)?

2. Were the district court's findings sufficient to warrant deviation from the guidelines?

## ANALYSIS

We will first consider whether the failure to apply the Hortis/Valento formula to a case of joint physical custody is a deviation from child-support guidelines. This is a legal issue, which we review de novo. *Ayers v. Ayers*, 508 N.W.2d 515, 518 (Minn.1993). We will next consider whether any deviation the district court made from the guidelines was clearly erroneous. *Rutten v. Rutten*, 347 N.W.2d 47, 51 (Minn.1984).

### I.

■ Father argues that the district court erred by failing to apply the Hortis/Valento formula because the parties have joint physical custody of the children. Application of the Hortis/Valento formula to cases of joint physical custody is an application of the guidelines. *See Valento v. Valento*, 385 N.W.2d 860, 862 (Minn. App.1986) (stating "[t]he method for applying the guidelines to joint physical custody situations was set out in *Hortis v. Hortis*, 367 N.W.2d 633 (Minn.Ct.App.1985)"), *review denied* (Minn. June 30, 1986). Under that formula, the guideline child support amount is the amount indicated by the guidelines, but only for the periods of time that the other parent has actual custody of the children. *Id.* at 862–63.

■ This guideline support amount is presumed to be the correct support amount, but that presumption is rebuttable and deviations from the guideline amount may be made with appropriate findings. *See* Minn.Stat. § 518.551, subd. 5(i) (2000) (stating guideline support obligation is rebuttable presumption, deviation from guideline amount requires findings, identi-

fying certain findings required for deviation, and stating deviation requires additional findings on factors listed in Minn. Stat. § 518.551, subd. 5(c)). Thus, the presumptively correct, guideline child-support amount for parents with joint physical custody is the amount calculated under Minn. Stat. § 518.551, subd. 5(b), for each parent, less the amount offset by the Hortis/Valento formula. Any deviation from that amount requires the statutory findings.

■ This conclusion was not modified by the recent decision of the supreme court, holding that the guidelines do not contemplate the application of the Hortis/Valento child-support formula in a case of *sole* physical custody. *Rogers v. Rogers*, 622 N.W.2d 813, 821 (Minn.2001). There, the supreme court noted that, in joint physical custody cases, "the court of appeals has grafted onto the guidelines the Hortis/Valento formula." *Id.* at 819.[1] Further, the rationale in *Rogers* is consistent with a decision to treat the Hortis/Valento formula as an application of the guidelines in a case of joint physical custody. In *Rogers,* the court determined that the Hortis/Valento formula was not a part of the guidelines in a case of sole physical custody because the formula treats each parent as a child-support "obligor" and the legislature's 1998 amendment to the definition of "obligor" presumptively excluded a parent with sole physical custody. *Id.* at 819–20 (citing Minn.Stat. § 518.54, subd. 8 (2000)). Where a joint physical custody is granted, each parent meets the definition of a child-support obligor.

## II.

The district court may depart from the guidelines (including the Hortis/Valento formula), when it complies with the requirement to provide

> written findings giving the amount of support calculated under the guidelines, the reasons for the deviation, and shall specifically address the [statutory] criteria in paragraph (c) and how the deviation serves the best interest of the child.

Minn.Stat. § 518.551, subd. 5(i).

Mother argues that the district court had discretion to determine child support without applying the Hortis/Valento formula because, even without any offset in father's favor under the formula, her expenditures exceed her income while father's income exceeds his expenditures.

■ The district court made sparse relevant findings. While we would prefer to see a more explicit analysis, we conclude that the district court's findings are minimally sufficient to justify deviation from the child-support guidelines. In reaching this conclusion, we rely upon the following findings:

> While the parties have a joint physical custody, the physical custody arrangement is similar to a traditional custody/visitation arrangement rather than a true joint custody arrangement.
>
> * * * *
>
> Currently [mother] is a full-time student and is not employed. The Court finds that while the [mother] is currently under employed, she is engaged in an academic program that will lead to better employment opportunities. Further, the best interests of the children require that the [father] make full guide-line child support payments at this time.

1. Because *Rogers* did not involve joint physical custody, the supreme court declined to address whether the use of the Hortis/Valento formula was proper in a case of joint physical custody. *Rogers,* 622 N.W.2d at 821 n. 19; *see Duffney v. Duffney,* 625 N.W.2d 839, 842 n. 1 (Minn.App.2001) (declining to comment on the propriety of the assumption that the Hortis/Valento formula is proper in a case of joint physical custody).

[Mother's] current income includes $1,800.00, her husband's earnings of $12,343 and certain student loans for a total household income of $14,143. Her monthly reasonable expenses are $2,175.00. The parties have submitted financial data to the Court. The Court finds [father's] child support obligation at this time to be $805.00 per month. Attached hereto and incorporated herein as Exhibit "A" is the calculations of the Court concerning the parties incomes, cash flow and support.

Given the parties' current disparity in income and mother's prospects to enhance her position through education, these findings are supported by the evidence, are not clearly erroneous and address the material statutory criteria for deviation. The statutory factors that were not explicitly addressed by the district court are either inapplicable to, or neutral under, the facts of this case. The district court's child-support award is linked to the present situation of mother and may be revisited when mother completes her education and obtains employment.

## DECISION

The district court's decision to deviate from the child-support guidelines by not applying the Hortis/Valento formula was supported by adequate findings on the statutory criteria.

**Affirmed.**